UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MISC. NO. _____

In re:
Subpoenas directed to BEN BRAUSER,
DANIEL BRAUSER AND JOSHUA
BRAUSER.

_____ /

**MOTION TO QUASH SUBPOENAS DECES TECUM, OR IN THE ALTERNATIVE,
<u>MOTION FOR PROTECTIVE ORDER</u>**



Attorneys for Petitioners Ben Brauser,
Joshua Brauser, and Daniel Brauser
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5116
Fax: (305) 372 2738

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

## Table of Contents

I.   INTRODUCTION ....................................................................................................... 1

II.   BACKGROUND ......................................................................................................... 2

   A.  The SEC's Complaint and First Amended Complaint. ......................................... 2

   B.  Procedural history in the *Honig* Matter. ............................................................. 4

   C.  The Rule 45 subpoenas issued to the non-party Brausers request documents well beyond the timeframe and claims alleged in the FAC. ........................................................ 5

III.   LEGAL FRAMEWORK ............................................................................................ 7

IV.   ARGUMENT .............................................................................................................. 8

   A.  The Subpoenas should be quashed because they impose an undue burden upon the non-party Brausers. ............................................................................................. 8

      1.  The SEC does not need the information requested because it is beyond the scope of its claims alleged in the FAC. ........................................................................................ 8

      2.  The vast breadth and expansive timeframe of the Subpoenas mandate that they should be quashed. ................................................................................................... 11

      3.  The burden placed upon the non-party Brausers to gather and produce documents responsive to the Subpoenas is undue. ................................................................ 13

   B.  The Subpoena issued to non-party Ben Brauser must be quashed because it calls for the production of documents protected by the attorney-client privilege and the work-product doctrine in violation of Rule 45(d)(3)(A)(iii). ........................................................ 14

   C.  If the Subpoenas are not quashed, the scope of the Subpoenas should be narrowed ............ ................................................................................................................................. 15

   D.  The Court must order the SEC to pay the costs of filing this motion to quash and any subsequent costs incurred by the Brausers to the extent it must produce records. ................... 17

V.   CONCLUSION ......................................................................................................... 20

ii

Homeᴿ Bonneʀ Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

## Table of Authorities

**CASES**

*America Online, Inc. v. Bagley*, No. 05-22399, 2005 WL 8155872 (S.D. Fla. Nov. 1, 2005)..... 12

*Braxton v. Farmer's Ins. Grp*., 209 F.R.D. 651 (N.D. Ala. 2002) ................................................ 11

*Concord Boat Corp. v. Brunswick Corp*., 169 F.R.D. 44 (S.D.N.Y. 1996)................................... 14

*Davidson v. Gov't Emp. Ins. Co*., No. 09-CV-727, 2010 WL 11507180  (M.D. Fla. Mar. 19, 2010) ......................................................................................................................................... 10, 11

*Fadalla v. Life Auto. Prod, Inc*., 258 F.R.D. 501 (M.D. Fla. 2007) ............................................... 8

*FDIC v. Portnoy*, No. 8:13-cv-1124, 2105 WL 12838859 (M.D. Fla. Jun. 19, 2015) .................. 9

*Great American Ins. Co. v. Veteran's Support Org*., 166 F. Supp. 3d 1303 (S.D. Fla. 2015) ....... 7

*In re Hornbeam Corp*., No. 14-24887, 2019 WL 5106768 (S.D. Fla. Sept. 27, 2019) ................ 17

*In re Subpoena to Produce Documents of Clapp*, No. 14-80191, 2014 WL 3784112 (N.D. Cal. Jul. 31, 2014)................................................................................................................................. 11

*Legal Voice v. Stormans Inc*., 738 F. 3d 1178, 1185 (9th Cir. 2013)............................................ 17

*Mount Hope Church v. Bash Back!*, 705 F. 3d 418 (9th Cir. 2012) ............................................. 18

*Narcoosee Acquisitions, LLC v. Kohl's Dept. Stores, Inc*., 2014 WL 4279073 (M.D. Fla. Aug. 28, 2014) ................................................................................................................................. 17, 19

*Schaaf v. SmithKline Beecham Corp*., No. 06-CV-120-J-25, 2006 WL 2246146 (M.D. Fla. Aug. 4, 2006) ....................................................................................................................................... 8, 15

*SEC v. Honig et al*., Case No. 18-cv-8175-ER (S.D.N.Y. Sept. 7, 2018) ................................. iv, 1

*SEC v. Life Partners Holdings, Inc*., No. 12 Civ. 33, 2012 WL 12850253 (W.D. Tex. Aug. 17, 2012) ......................................................................................................................................... 5, 12

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

*SEC v. Schooler*, No. 16-cv-00517, 2016 WL 6821079 (D. Nev. Nov. 17, 2016)................ 18, 19

*Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 512 (N.D. Fla. 2013) ........................ 7

*United States v. Schaltenbrand*, 930 F.2d 1554 (11th Cir. 1991)................................................ 14

**RULES**

Fed. R. Civ. P. 26 ...................................................................................................... 7, 11

Fed. R. Civ. P. 45 ................................................................................... 7, 11, 13, 15, 16, 17, 18

**TREATISES**

9A Wright & Miller, *Federal Practice & Procedure* (3d ed.)..................................................... 18

Homer Bonner Jacobs Ortiz, P.A.

1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

**Table of Exhibits**

A)  SEC subpoena to Ben Brauser

B)  SEC subpoena to Daniel Brauser

C)  SEC subpoena to Joshua Brauser

D)  First Amended Complaint, *SEC v. Honig et al.,* Case No. 18-cv-8175-ER (S.D.N.Y. Sept. 7, 2018)

E)  The SEC's August 8, 2019, letter to the Court in *SEC v. Honig et al.,* Case No. 18-cv-8175-ER (S.D.N.Y. Sept. 7, 2018)

F)  Robert Ladd's August 20, 2019 letter to the Court in *SEC v. Honig et al.,* Case No. 18-cv-8175-ER (S.D.N.Y. Sept. 7, 2018)

G)  Michael Brauser and Grander Holdings, LLC's August 26, 2019 letter to the Court in *SEC v. Honig et al.,* Case No. 18-cv-8175-ER (S.D.N.Y. Sept. 7, 2018)

H)  Michael Brauser and Grander Holdings, LLC's September 18, 2019 letter to the Court in *SEC v. Honig et al.,* Case No. 18-cv-8175-ER (S.D.N.Y. Sept. 7, 2018)

I)  District Court's September 30, 2019 Order in *SEC v. Honig et al.,* Case No. 18-cv-8175-ER (S.D.N.Y. Sept. 7, 2018)

J)  Declaration of Ben Brauser, Esq.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 45, Petitioners Ben Brauser, Daniel Brauser and Joshua Brauser (collectively, the "Brausers") respectfully move this Court for entry of an order quashing the subpoenas served upon them (the "Subpoenas") by the Securities and Exchange Commission ("SEC") in the matter of *SEC v. Honig et al.,* Case No. 18-cv-8175-ER (S.D.N.Y. Sept. 7, 2018) ("*Honig* Matter").  Exs. A, B & C.  The Subpoenas stem from the *Honig* Matter pending in the Southern District of New York, where the Brausers' father, Michael Brauser, is a litigating defendant.  The Brausers are not parties to the *Honig* Matter.  The identical subpoenas issued to the Brausers, requiring production to the SEC's Miami Regional Office, are in violation of Rule 45 of the Federal Rules of Civil Procedure.  The subpoenas impose an extraordinary undue burden on the Brausers given the unfathomable scope of the information they seek regarding 33 different issuers/companies and 64 individuals throughout a nearly eight-year period, particularly in light of the SEC's claims in its Amended Complaint, which relate to a purported pump and dump scheme involving just <u>three</u> issuers.  The subpoena to Ben Brauser, who serves as counsel for his father Michael Brauser, violates Rule 45 for an additional reason—it seeks documents protected by the attorney-client privilege and work-product doctrine.  The Subpoenas should therefore be quashed in their entirety.

In the alternative, this Court should issue a protective order, limiting the scope of the subpoenas to require the Brausers only produce non-privileged information pertaining only to the three companies which comprise the entirety of the focus of the SEC's allegations in the *Honig* Matter.  In attempting to confer, the SEC has not offered any bona-fide concessions or alternatives.  Given this, coupled with the Subpoenas' scope and associated undue burden, this

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

Court should award the Brausers attorney's fees and costs in relation to filing this motion and (if necessary) its collection and production of records in the specific format the SEC requests.

## II.   BACKGROUND

### A.  The SEC's Complaint and First Amended Complaint.

On September 7, 2018, the SEC filed its action in the *Honig* Matter against Defendants Barry C. Honig ("Honig"), John Stetson ("Stetson"), Michael Brauser ("M. Brauser"), John R. O'Rourke III ("O'Rourke"), Mark Groussman ("Groussman"), Phillip Frost ("Frost") Robert Ladd ("Ladd"), Elliot Maza ("Maza"), Brian Keller ("Keller"), John H. Ford ("Ford"), Alpha Capital Anstalt ("Alpha") ATG Capital LLC ("ATG"), Frost Gamma Investments Trust ("FGIT"), GRQ Consultants, Inc. ("GRQ"), HS Contrarian Investments, LLC ("HSCI"), Grander Holdings, Inc. ("Grander"), Melechdavid, Inc., ("Melechdavid"), OPKO Health Inc. ("Opko"), Southern Biotech Inc. ("Southern Biotech") and Stetson Capital Investments Inc. ("SCI").  The SEC has since amended its Complaint; thus, the operative charging document is the First Amended Complaint ("FAC").  Ex. D**.**  The SEC's "Summary of Allegations" in the FAC reads as follows:

> This case involves a series of highly profitable 'pump-and-dump' schemes
> involving the stock of three public companies, "Company A," [BioZone
> Pharmaceuticals, Inc.[1]] "Company B," [MGT Capital Investments, Inc.] and
> "Company C" [MabVax Therapeutics Holdings, Inc.].  At the center of all three
> schemes were Defendants Honig, Brauser, Stetson and O'Rourke, as well as some
> combination of their entities, Defendants GRQ, Grander, SCI, HSCI and ATG.
> In all three schemes, these Defendants amassed a controlling interest in the issuer,
> concealed their control, drove up the price and trading volume of the stock

---

[1] Through other pleadings in the *Honig* Matter and through articles in the press, Companies A, B, and C have been identified as Biozone Pharmaceuticals, Inc. ("BioZone"), MGT Capital Investments, Inc., ("MGT") and Mab Vax Therapeutics Holdings, Inc. f/k/a Telik Inc. ("MabVax"), respectively.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

through manipulative trading and/or paid promotional activity, and then dumped
their shares into the artificially inflated market on unsuspecting retail investors.

Across all three schemes, Honig was the primary strategist, calling upon other
Defendants to, among other things, acquire or sell stock, arrange for the issuance
of shares, negotiate transactions, and/or engage in promotional activity.  In each
scheme, Honig and some combination of Brauser, Stetson, and O'Rourke (and
often other individuals), either explicitly or tacitly agreed to acquire, hold, vote
and/or dispose of their shares in coordination with one another…

Ex. D, ¶¶ 2-3 (emphasis added).

Spanning the remainder of the 100-page FAC, are the allegations and claims that relate

specifically to the alleged "pump and dump" schemes related to BioZone (Company A), *see id.*

¶¶ 80-124, MGT (Company B), *see id.* ¶¶ 125-158, and MabVax (Company C), *see id.* ¶¶ 159-

194.  The SEC's claims for relief are also limited to the three alleged pump-and-dump schemes.

*See, e.g., id.* ¶ 196 (alleging that defendants violated Section 10(b) and Rule 10b-5 of the

Securities Exchange Act of 1934 with respect to their conduct "in connection with the purchase

or sale of Company A, Company B, and/or Company C securities"); *id.* ¶ 204 (alleging that

defendants violated Section 17 of the Securities Act of 1933 because they "knowingly, recklessly

or negligently engaged in transactions, practices, or courses of business which operated or would

operate as a fraud or deceit upon purchasers of securities of Company A, Company B and/or

Company C").  The timeframe alleged for the relevant purchase and sales of securities related to

the three purported pump-and-dump schemes span August 2013, *see id.* ¶ 98 through May 2016

*see id.* ¶¶ 141-49.[2]  The Brausers are not named as defendants in the FAC.  Nor does the SEC

---

[2] The alleged pump and dump for Company C is alleged to have occurred in 2015.  *See id.* ¶¶
185-191.  Although the SEC makes generic allegations regarding the purchase and sale of
securities beginning in 2010, *See, e.g., id.* ¶¶55, 60, the specific transactions related to the pump-
and-dump schemes are alleged to begin in 2013.  *See id.* ¶¶ 98–113.

3

make any reference to 29 of 33 the issuers/companies or 54 of the 64 individuals for whom the SEC now seeks documents from the non-party Brausers.

**B.  Procedural history in the *Honig* Matter.**

After the filing of the Complaint on September 7, 2018, certain defendants entered into consents with the SEC, resolving, in part or in full the allegations against them resulting in the entry of either Judgments or Final Judgments depending on the nature of their respective consents.   The district court entered judgment as to Ford on September 21, 2018, [*Honig Matter* ECF No. 28] and earlier this year, it entered final judgments against Frost, FGIT, Opko, Groussman, Alpha, Melechdavid, Maza, Keller, Honig, and GRQ [*Honig* Matter ECF Nos. 76,77,78,92,93,94,110,113,151,152].

Consequently, the remaining defendants in the *Honig* Matter are Stetson, Brauser, O'Rourke and Ladd.   To that end, on June 19, 2019, defendants Brauser, Grander (Michael Brauser's entity) and Ladd filed motions to dismiss.  [*Honig Matter* ECF Nos. 144, 146.]  The motions have been fully briefed and are pending before the district court.

On August 8, 2019, the SEC filed a letter with the district court advising of its intention to continue its administrative investigation of the matter outside of civil discovery and the district court's purview.  The SEC's August 8, 2019, letter is attached as Ex. E.  In response Defendants Ladd and Brauser objected to the SEC issuing administrative subpoenas as an improper end around the Federal Rules of Civil Procedure.  Defendant Ladd's August 20, 2019 submission is attached as Ex. F, and Defendant M. Brauser's August 26 and September 18, 2019 submissions are attached as Exs. G & H.

On September 30, 2019, the district court entered its order denying defendants' objection, but warning the SEC that pursuant to *SEC v. Life Partners Holdings, Inc.,* No. 12 Civ. 33, 2012

4

WL 12850253, at *2 (W.D. Tex. Aug. 17, 2012) (holding that SEC violated the Federal Rules of Civil Procedure by issuing administrative subpoena for deposition during active civil litigation), the parties must advise the district court if they become aware of any discovery taken in contravention to the Federal Rules of Civil Procedure.  The district court's September 30, 2019 Order is attached as Ex. I.

### C. The Rule 45 Subpoenas issued to the non-party Brausers request documents well beyond the timeframe and claims alleged in the FAC.

On September 30, 2019, the same day as the Court's Order advising the SEC not to run afoul of Rule 45 and the proscriptions of *SEC v. Life Partners,* the SEC issued the Subpoenas to Michael Brauser's sons, Ben, Daniel and Joshua.[3]  *See* Exs. A, B & C.   The contents of the requests extended far beyond the salient allegations and claims of the SEC's FAC.

The subpoenas—each identical—contained five separate requests to produce.  Request no. 1 asks for "all documents concerning an investment or trading by You (as defined as subpoena recipient), anyone acting on Your behalf, Michael Brauser, any entity affiliated with Michael Brauser, [your other two brothers], in the following securities, during the Relevant Period," which the SEC defined to span from November 1, 2010 through March 1, 2018."  Ex. A at 1-2; Ex. B at 1-2; Ex. 3 at 1-2.  Request No. 1 includes a list of 33 issuers/companies, which first lists Companies A, B, and C, BioZone, MGT, and Mab Vax, respectively, and then adds another 30 more.  *Id.*

---

[3] The Court's Order was issued via CM/ECF at 4:06 p.m. on September 30, 2019.   It is unknown whether the Commission issued the subpoenas before or after the receipt of the Court's Order.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

Request No. 2 asks for the production of "all documents concerning communications with any of the following individuals concerning BioZone [Company A], MGT [Company B] or MabVax [Company C] during or concerning the Relevant Period, including emails, texts, chats, telephone records, audio recordings, contracts and/or agreements." Ex. A at 3; Ex. B at 3; Ex. C at 3.  It then lists 64 individuals, including all named defendants. *See id.*

Request No. 3 seeks the production of documents concerning "communications during the Relevant Period with two individuals or representatives of 7 entities concerning any entity in which you, [your brothers] or Michael Brauser (or any affiliated entity) had an investment, including emails, texts, chats, telephone records, audio recordings, contracts and/or agreements." Ex. A at 4; Ex. B at 4; Ex. C at 4.

 Request No. 4 requests "all documents concerning communications between You and Barry Honig, John Stetson, John O'Rourke, Mark Groussman, Phillip Frost (or anyone acting on his or his affiliated entities' behalf) or Michael Brauser, concerning the exercise of voting rights held by You or Michael Brauser (in his own capacity or on behalf of any entity) in the securities of the issues listed in Request No. 1." Ex. A at 4-5; Ex. B at 4-5; Ex. C at 4-5.  Thus, Request No. 4 cross-references the 33 issuers/companies listed in Request No. 1.

Request No. 5 asks for "[a]ll documents concerning the preparation of filing during the Relevant Period of any Schedules 13D or 13G by any person or entity concerning any of the issuers listed in Request No. 1," hence cross-referencing the 33 issuers/companies listed in Request No. 1.  Ex. A at 5; Ex. B at 5; Ex. C at 5.[4]

---

[4] Despite the breadth of the Subpoenas, the SEC originally demanded a response two weeks from their issuance, October 14, 2019.  After the undersigned's first conferral with the SEC, it agreed

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

The Brausers lodged objections to the Subpoenas with the SEC pursuant to Rule 45(d)(2)(B), and have met and conferred with counsel for the SEC on October 23 and November 4, 2019 in an attempt to resolve this dispute. Unfortunately, the SEC has refused to limit to scope and breadth of their requests.

### III.    LEGAL FRAMEWORK

Pursuant to Rule 45, "on a timely motion, the court for the district where compliance is required <u>must</u> quash or modify a subpoena that…(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Pursuant to Rule 26, the court "must" also preclude discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i); *Watts v. SEC,* 482 F. 3d 501, 509 (D.C. Cir. 2007) (holding that limitations set forth in Rule 26(b)(2)(C) apply to discovery served on nonparties by subpoena).

"With regard to the burden imposed on non-parties in responding to discovery requests, courts consider the following factors: relevance, the requesting party's need for documents, the breadth of the document request, and the time period covered by the request." *Great American Ins. Co. v. Veteran's Support Org.,* 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015) (citing *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 512, 521 n.2) (N.D. Fla. 2013)) (quashing non-party subpoena). The status of the movants as non-parties to the underlying litigation is a factor weighing against disclosure. *See id.* (citations omitted); *Fadalla v. Life Auto. Prod, Inc.*, 258

---

to allow 60 additional days for Ben Brauser to respond and 30 additional days for Daniel and Joshua to respond.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

F.R.D. 501, 504 (M.D. Fla. 2007) (citation omitted) (quashing non-party subpoena and noting "[t]he status of a person as a non-party is a factor that weighs against disclosure"); *Schaaf v. SmithKline Beecham Corp.*, No. 06-CV-120-J-25, 2006 WL 2246146, at *2 (M.D. Fla. Aug. 4, 2006) ("Courts must also consider the status of a witness as a nonparty when determining the degree of burden; the status of the person as a non-party is a factor often weighing against disclosure.). While the burden lies with the Brausers in demonstrating that compliance with the subpoenas presents an undue burden, it is the SEC's burden to prove its requests are relevant. *Fadalla,* 258 F.R.D. at 504.

## IV.   ARGUMENT

### A.  The Subpoenas should be quashed because they impose an undue burden upon the non-party Brausers.

The Subpoenas to the non-party Brausers must be quashed pursuant to Rule 45 because they seek voluminous records over an eight-year period that extend well beyond what the SEC alleges and claims in its FAC.

> #### 1.  *The SEC does not need the information requested because it is beyond the scope of its claims alleged in the FAC.*

The SEC's claims against the defendants in the *Honig* Matter relate solely to a pump-and-dump scheme regarding three issuers/companies and ten named individual defendants. The Subpoenas, however, go well beyond the scope of the SEC's FAC and its claims.

First, the FAC's allegations focus squarely on alleged misdeeds of the defendants pertaining to only *three* companies during a timeframe of 2013 through 2016. The sole basis for the SEC's claims in the *Honig* Matter involve three companies: BioZone, MGT, and MabVax. *See* Ex. D, ¶¶ 80-277. Indeed, in the SEC's own words, their FAC "concerns three of those issuers" that Defendants Honig, Brauser, Stetson, and O'Rourke, individually or through their

8

entities, invested in alongside one another.  Ex. D, ¶ 55.  Thus, even if the named defendants in

the *Honig* Matter invested in other issuers, the SEC's action relates solely to BioZone, MGT, and

MabVax.[5]

The SEC, however, does not limit its Subpoenas to the Brausers to those three

companies.  Instead, the SEC asks for "all documents concerning an investment or trading" by

M. Brauser and the non-party Brausers for an additional 29 issuers/companies, that by the SEC's

own admission are not at issue in the *Honig* Matter.[6]  Ex. A at 2, Ex. B at 2; Ex. C at 2.  None of

the SEC's claims regard 29 of the other issuers/companies the SEC lists on the Subpoenas.  Nor

does the SEC make any specific allegation in the FAC regarding 29 of the 33 issuers/companies

in Request No. 1.

The same is true with respect to Request No. 3, which calls for all documents concerning

communications that the Brausers had with non-parties Drew Ciccarelli, David Zazoff, TSX

Ventures, LLC, RedChip Investor Relations, Mission IR, Third Coast Media, SmallCapIR,

Seeking Alpha or Stockbeast "concerning <u>any entity</u>" in which "You, [your non-party brothers]

or Michael Brauser (of affiliated entity) had an investment…"  Ex. A at 4, Ex. B at 4; Ex. C at 4

---

[5] Nor can the SEC argues that its generic allegations that the defendants "invested alongside one another in at least 19 issuers at about the same time, from 2011 to the present," Ex. D, ¶ 55 and that "[Michael] Brauser is a long-time co-investor with Honig…in more than 40 issuers," *id.*, ¶ 60,  justifies its overbroad requests, because the Court must look to the actual, specific <u>claims</u> alleged.  *See FDIC v. Portnoy*, No. 8:13-cv-1124, 2105 WL 12838859, at *1 (M.D. Fla. Jun. 19, 2015) (quashing non-party subpoena noting that "[w]hile at first the amended complaint's scope may appear broad, the allegations at closer inspection only deal with…[claims] the amended complaint specifically describes").

[6] Arguably the fourth company on the list, OPKO Health, Inc., may be relevant as it was previously a defendant in the *Honig* Matter.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

(emphasis added).  But for a passing reference to Seeking Alpha in the FAC, the SEC makes no allegation regarding any of the individuals or issuers/companies listed in Request No. 3.  In addition, the request is severely overbroad as it does not limit the request to the three companies at issue in SEC's claims, but instead asks for documents relating to <u>any</u> investment by the non-party Brausers.

Second, although the SEC's claims solely relate to the 10 named individual defendants, the SEC requests in Request No. 2 that the non-party Petitioners produce all "documents concerning communications" with a list of <u>64</u> people regarding BioZone, MGT, or MabVax. Beyond the 10 individual defendants named in the SEC's original Complaint, the SEC makes no claim or reference to any of the other 54 individuals on the list.  It simply makes no sense that non-party Petitioners Ben, Daniel, and Joshua Brauser should be required to search all emails, texts, etc., for communications with individuals that are not referenced in the SEC's FAC and its claims against the defendants in the *Honig* Matter.  *See Davidson v. Gov't Emp. Ins. Co.*, No. 09-CV-727, 2010 WL 11507180, at *2 (M.D. Fla. Mar. 19, 2010) (quashing subpoena with "blanket requests" against non-party).

Third, the Subpoenas request records that the SEC must seek from the defendants in the underlying action and not the non-party Brausers.  For example, Request No. 2 includes all communications that the Brausers may have had with the named defendants in the *Honig* Matter including their father Defendant M. Brauser.  *See, e.g.,* Ex. A at 3.  Likewise, Request No. 4 asks for all documents that the non-party Brausers may have had with the *Honig* Matter defendants concerning the voting rights for all of the issuers/companies referenced in Request No. 1.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

These requests are unduly burdensome because the named parties to the litigation would have the same records.  Thus, following the mandates of Rule 26 and 45, the SEC can and must obtain these records from the parties themselves and not the Brausers.  *See In re Subpoena to Produce Documents of Clapp*, No. 14-80191, 2014 WL 3784112, at *4 (N.D. Cal. Jul. 31, 2014) (quashing nonparty subpoena that "sought to determine [a party's] knowledge [about the issue]" because this information could be obtained from the party itself); *Davidson*, 2010 WL 11507180, at *2 (quashing non-party subpoena for, among other reasons, the documents requested were in possession of a party); *Braxton v. Farmer's Ins. Grp.*, 209 F.R.D. 651, 654 (N.D. Ala. 2002) (quashing non-party subpoenas for email communications that plaintiff could obtain from defendant).

Last, the "Relevant Period" of the SEC's requests—from November 1, 2010 through March 1, 2018, extends well beyond the timeframe of the three purported pump-and-dump schemes alleged in the Complaint.  The SEC alleges in the FAC that the earliest pump and dump transaction related to the three purported schemes began in August 2013, and ended in May 2016.  Ex. D, ¶¶ 98, 141-49.  There is simply no need for the SEC to obtain records from the non-party Brausers for documents outside of the real relevant period—August 2013 through May 2016.

2. *The vast breadth and expansive timeframe of the Subpoenas mandate that they should be quashed.*

The breadth of the Brauser subpoena requests including the nearly 8-year time period, speaks for itself:

- First request:  33 issuers/companies;

11

- Second request: 64 individuals;

- Third request: 36 separate requests ([2 individuals and 7 entities] x 4 individuals);[7]

- Fourth request:  198 requests (6 individuals x 33 issuers/companies);[8]

- Fifth request:  66 requests (2 Schedules x 33 issuers/companies).

Thus, conservatively, the SEC's request is for "documents" and "communications" as broadly defined therein, (and as also defined by the SEC to include emails, texts, chats, telephone records, audio recordings, contracts and/or agreements,") for, at a minimum, 397 distinct inquires covering almost an eight-year period.  The overbreadth, particularly viz-a-viz the FAC's allegations centering on the pump and dump of three companies from 2013 through 2016 is, *res ipsa loquitor.  See, e.g., America Online, Inc. v. Bagley,* No. 05-22399, 2005 WL 8155872, at *2 (S.D. Fla. Nov. 1, 2005) (holding subpoena recipient not required to produce documents in response to the portion of subpoena that was "overbroad on its face" as being unduly burdensome).[9]  Their clear overbreadth alone warrants them being quashed.

And there is more.  Interestingly, the SEC issued the extremely overbroad Subpoenas the very same day the district court in the *Honig* Matter issued an order advising the SEC that

---

[7] In this request, Ben Brauser's subpoena only references Daniel but not Joshua, and while Joshua's references 'You' as defined as Joshua, it also restates "Joshua."  We believe these are scrivenor's errors, and were meant to mirror Daniel's subpoena, which request includes his two brothers, Ben and Joshua. *See* Ex. A at 4; Ex. B at 4; Ex. C at 4.

[8] This does not include "anyone acting on Frost's behalf or his affiliated entities' behalf." Ex. A at 4; Ex. B at 4; Ex. C at 4.

[9] AOL's quashed request was for "All documents referring or relating to Your business relationship with ... any of Your customers or vendors, from January 1, 2004 to the present."  *Id.,* at *2.  This is remarkably similar to the SEC's request here, and in-fact only covered a one-and-a-half-year period from January 1, 2004, though August 15, 2005.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

pursuant to *Life Partners Holdings, Inc.,* 2012 WL 12850253, at *2, discovery which was not part of a purely separate administrative investigation unrelated to the *Honig* Matter would be subject to the Federal Rules of Civil Procedure. *See* Ex. I.  The Subpoenas and their broad requests read more like an administrative investigatory subpoena than one subject to the strictures of Rule 45.  This suggests that the Subpoenas are really investigatory subpoenas issued with the purpose to further investigate Michael Brauser who continues to litigate against the SEC in the *Honig* Matter.  If this is the case, it is yet another reason why the Subpoenas issued to the non-party Brausers run afoul of Rule 45's constraints and should be quashed.

> 3. *The burden placed upon the non-party Brausers to gather and produce documents responsive to the Subpoenas is undue.*

To comply with the Subpoenas, the Brausers, in addition to having to retain the undersigned counsel, have contracted with a e-discovery vendor, and with the undersigned's assistance and facilitation, have provided the vendor the entirety of their email communications during the nearly 8-year defined relevant period.  B. Brauser Decl., ¶¶ 8, 9 attached as Ex. J. The sheer size of just the Brausers' email inboxes are massive—more than 99 gigabytes. *Id.,* ¶ 9. Once all of these records have been processed in a searchable format, the vendor, will have to, at the Brausers' expense and with the undersigned's guidance, run search terms to identify potentially responsive documents.  *Id.*  The costs at the outset for the e-discovery vendor alone are estimated to be $4,000 per month.  *Id.*  Then, separately, the Brausers would be forced to locate, sort, and package other documents not captured as attachments to their emails.  *Id.*[10]  And ultimately, Ben Brauser, an attorney for his father, Michael Brauser, along with undersigned

---

[10] Once, and if, documents are produced to the SEC, the monthly charged may decrease.  *Id.*

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

counsel, will have to review the search term hits to determine whether each document is responsive and not subject to a privilege.  *Id.,* ¶ 10.  In short, this is a very expensive process for individuals who are not parties to the actual litigation.

Consequently, the undue burden placed on the nonparty Brausers is conspicuous, while the relevance to the entirety of the SEC's requests is murky at best.  The subpoenas must be therefore be quashed.  *See, e.g., Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 53-54 (S.D.N.Y. 1996) (subpoena to non-party quashed entirely as it subjected the non-party to an undue burden).

> **B.   The Subpoena issued to non-party Ben Brauser must be quashed because it calls for the production of documents protected by the attorney-client privilege and the work-product doctrine in violation of Rule 45(d)(3)(A)(iii).**

The SEC's subpoena issued to non-party Ben Brauser, Esq., should be quashed for an additional reason—that is, the documents sought by the SEC are subject to the attorney-client privilege.  Ben Brauser is an attorney in good standing, licensed in the State of Florida, and beginning in February 2010, has served as legal counsel for his father, Michael Brauser.  Ex. J, Brauser Decl., ¶¶ 1, 3, 5, 6. Consequently, all of the SEC's requests to Ben Brauser insofar as they ask for his communications with Michael Brauser or on Michael Brauser's behalf regarding his (Michael Brauser's) investments, stock trading, or SEC schedule filings (i.e., Requests No. 1-5), would likely be subject to either the attorney-privilege or the work-product doctrine.  *See generally United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991) (holding that a communication is privileged if "the client reasonably understood the conference to be confidential.").  Therefore, pursuant to Rule 45(d)(3)(A)(iii), the Court must quash the SEC's subpoena issued to Ben Brauser.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

For the same reasons, the SEC's subpoena would also be unduly burdensome because each record that is potentially responsive to the subpoena would need to be reviewed manually by Ben Brauser and the undersigned for privilege and work-product doctrine protection.  Ex. J, ¶ 9.   Thus, after this review is completed, the undersigned would be tasked, at the Brausers' expense, of preparing a privilege log for almost 8 years of documents and communications for companies and individuals that have nothing to do with the core allegations of the FAC.

**C.  If the Subpoenas are not quashed, the scope of the Subpoenas should be narrowed.**

If the Subpoenas are not quashed, their scope should be narrowed to only that information that is relevant and material to the SEC's claims in its FAC.   While the party moving to quash the subpoena has the burden to demonstrate the burden imposed upon it, courts are to consider the status of a witness as a non-party when determining the degree of the burden. *Schaaf,* 2006 WL 2246146, at *2.   The party issuing the subpoena is required to take steps to avoid imposing undue burden or expense on the person subject the subpoena.  Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

As noted above, the Subpoenas are an extraordinary fishing expedition, focused on what amounts to hundreds of requests for issuers/companies and individuals very far-afield from the SEC's claims that center around three specific companies.   Far more reasonable subpoenas to Joshua Brauser and Daniel Brauser would:

15

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

(1) Limit the "Relevant Period" from August 2013 when the FAC alleges the pump and dump began for Company A, to 2016, the year the pump and dump allegedly occurred from Company B (Company C was alleged to have occurred in 2015);

(2)  Limit Request No. 1 to the Brausers' information pertaining to Biozone, MGT, and MabVax;

(3) Quash Request No. 2 in its entirety as the only relevant communications would be with individuals on the list are parties to the *Honig* Matter, and therefore, the SEC must obtain the communications from them;

(4) Quash Request No. 3 in its entirety as it does not tie into any allegations in the FAC;

(5) Quash Request No. 4 in its entirety as the only relevant communications would be with individuals who are parties to the *Honig* Matter, and therefore, the SEC must obtain the communications from them; and

(6) Permit Request No. 5 to remain as is if the limitation of Request No. 1 is implemented.

With respect to <u>Ben Brauser</u>, due to his role as M. Brauser's legal counsel from 2010 through the present, the Court should, at a minimum, apply the limitations above and further limit the scope of his Subpoena to exclude all communications and documents in Ben Brauser's possession relating to his client, M. Brauser.

Given the allegations in the FAC, there is no justification for the wide-ranging Subpoenas issued by the SEC.  The limitations in scope articulated above are far more reasonable and justifiable, and respectfully, in the event the subpoenas are not quashed in their entirety, should be implemented.

16

**D. The Court must order the SEC to pay the costs of filing this motion to quash and any subsequent costs incurred by the Brausers to the extent it must produce records.**

If the Subpoenas are not quashed, in addition to narrowing their scope, the cost of compliance, (even as narrowed) must be shifted to the SEC because the costs are significant. Moreover, given the SEC's unwillingness to withdraw or curtail the scope of its subpoenas, attorney's fees should be awarded for the Brausers.

Rule 45(d)(1) requires the attorney responsible for issuing and serving a subpoena to take reasonable steps to avoid imposing an undue burden or expense on the person subject to the subpoena. Rule 45(d)(2)(B)(ii) requires that a non-party ordered to comply with a subpoena must be protected from significant expense incurred in complying with the subpoena. *See In re Hornbeam Corp., No.* 14-24887, 2019 WL 5106768, at *2 (S.D. Fla. Sept. 27, 2019) (holding that subpoena respondents were entitled to recover reasonable costs associated with the production of documents).

In determining whether a subpoena imposes undue burden or expense on a nonparty, courts must balance the requesting party's interest in disclosure against the burden of disclosure of a nonparty. *Narcoosee Acquisitions, LLC v. Kohl's Dept. Stores, Inc.,* 2014 WL 4279073, at *2 (M.D. Fla. Aug. 28, 2014) (citing 9A Wright & Miller, *Federal Practice & Procedure,* §2463.1 (3d ed.)).

> The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1).

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

Rule 45 sets out two ways in which a person may be compensated. First, it allows the Court to issue sanctions for a party who fails to take reasonable steps to avoid undue burden or expense on a person or subject of the subpoena. *See* Fed. R. Civ. P. 45(d)(1). Second, it allows the court to order the serving party to reasonably compensate the subpoena respondent, including reasonable compensation for attorney's fees. *In re Hornbeam Corp.,* 2019 WL 5106768, at *2 (citing Fed. R. Civ. P 45(d)(3)(C)(ii)).

The court's power to impose an appropriate sanction under Rule 45(d)(1) is discretionary. *Legal Voice v. Stormans Inc.,* 738 F. 3d 1178, 1185 (9th Cir. 2013). The Court has discretion "over the type and degree of sanction imposed," and "[p]ayment of opposing counsel's attorneys' fees is one form of permissible sanction." *Mount Hope Church v. Bash Back!,* 705 F. 3d 418, 425 (9th Cir. 2012).

Here, the undersigned conferred telephonically with the SEC on two separate occasions. At the initial conferral, the SEC was unwilling to make any compromises or concessions, but agreed to a follow-up call once the volume of the potential information was better understood. As noted in footnote 4 above, the SEC did provide for additional time to respond, and agreed to have a follow-up call with the undersigned. The follow-up call did not yield any further fruit to resolve this matter. The undersigned conveyed how searching through the large amount of data was unduly burdensome, and requested the scope be narrowed. The undersigned also highlighted that Ben Brauser was, and is, Michael Brauser's attorney, thus raising a multitude of issues under Rule 45, and requested the SEC entirely withdraw the subpoena to Ben, or recognize the assertion of privilege over most, if not all, of the documents and communications. The SEC would not agree to this proposal on the call, said it would take it under advisement and

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

would call back the undersigned at a later undetermined date.  Of course, Daniel and Joshua's responses are due November 13, 2019.

The SEC's unwillingness to modify its subpoenas under the guise that the FAC makes passing reference to "affiliates" is untenable and unreasonable.  The SEC is not acting in good faith, and is simply utilizing its governmental authority bolstered by its virtually unlimited resources.  This Court should check such conduct, and impose reasonable attorney's fees and costs on the SEC for its failure to either withdraw or offer a bona-fide limit to the Brauser subpoenas.  *See SEC v. Schooler,* No. 16-cv-00517, 2016 WL 6821079, at *5 (D. Nev. Nov. 17, 2016) (awarding attorney's fees and costs against SEC for issuing non-party subpoena to former-spouse in aid of execution of judgment against deceased ex-husband where the subpoena sought to depose her and requested the production of fifty-categories of documents);[11] *Narcoosee Acquisitions, LLC,* 2014 WL 4279073, *3 (awarding attorney's fees and costs incurred by non-party where defendant could have obtained the desired communications from a party, and after conferral, counsel justified the issuance of the subpoenas by stating, "because I can.").  Given the SEC's conduct here and the extremely broad scope of the Brauser subpoenas, this Court should award the Brausers attorney's fees and costs.[12]

---

[11] In *Schooler,* the court referenced a sister court's opinion with a rather poignant passage: "A party demands the sun, moon and stars in a document request or interrogatory, refusing to even give a little bit.  The meet and confer required by the court in advance of a motion is perfunctory at best, with no compromise whatsoever.  But when the parties appear before the court, the recalcitrant party possess newfound flexibility and a willingness to compromise.  Think Eddie Haskell singing the Beaver's praises to June Cleaver, only moments after giving him the business in private."  *Id.* (citations and internal quotations omitted).

[12] The undersigned will be prepared to submit its billing records should the Court so request.

19

## V.     CONCLUSION

WHEREFORE, the Brausers respectfully request this Court quash the subpoenas in their entirety, or, in the alternative, properly narrow their scope given their undue burden.   The Brausers also respectfully request attorney's fees and costs.

## <u>CERTIFICATE OF CONFERAL UNDER LOCAL RULE 7.1(a)(3)</u>

The undersigned attempted to confer with SEC counsel.  However, despite two in-depth conversations on October 23, 2019 and November 4, 2019, the parties were unable to reach any reasonable resolution.

Respectfully submitted:



Attorneys for Petitioners Ben Brauser,
Daniel Brauser, and Joshua Brauser
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5116
Fax: (305) 372 2738

By:   *s/ Adam L. Schwartz*
          Adam L. Schwartz, Esq.
          Email: aschwartz@homerbonner.com
          Florida Bar No.: 103163

Homeʀ Bonneʀ Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 5th day of November, 2019, a true and correct copy of

the foregoing was filed via CM/ECF, and was served upon the following via the method

indicated below:

**Served via email and registered mail:**
Securities and Exchange Commission
c/o Nancy Brown, Esq.
200 Vesey Street, New York, NY 10281
brownn@sec.gov
*Counsel for Respondent U.S. Securities and Exchange Commission*

**Served via registered mail**
United States Attorney's Office
99 NE 4th Street
3rd Floor – Civil docket clerk
Miami, Florida, 33132

**Served via registered mail**
United States Attorney General William P. Barr
US Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

*s/ Adam L. Schwartz*
Adam L. Schwartz, Esq.

21