# EXHIBIT B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Securities and Exchange Commission,<br>*Plaintiff*<br>v.<br>Honig, et al.<br>*Defendant* | )<br>)<br>)  Civil Action No. 18 Civ. 8175 (ER)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Daniel Brauser

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment.

| Place: US Securities and Exchange Commission<br>801 Brickell Avenue, Suite 1800<br>Miami, Florida | Date and Time:<br>10/14/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/30/2019

CLERK OF COURT

OR

_____    /s/ Nancy A. Brown
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Securities and Exchange Commission , who issues or requests this subpoena, are:

Nancy A. Brown, Esq., US SEC, 200 Vesey Street, NY, NY  10281, brownN@sec.gov, 212.336.1023

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18 Civ. 8175 (ER)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### Daniel Brauser

A. **Definitions**

1. The Uniform Definitions in Discovery Requests as set forth in Local Rule 26.3 of the Civil Rules of the Southern and Eastern Districts of New York are incorporated herein, including, without limitation, the definitions of "communication," "document," and "concerning."

2. "You" or "Your" shall refer to Daniel Brauser and each of his associates, counsel, employees, affiliates, agents or representatives.

3. The "Relevant Period" is from November 1, 2010 through March 1, 2018.

B. **Instructions**

1. Unless otherwise stated, please produce and preserve the documents specified for the Relevant Period.

2. Where any document is withheld, in whole or in part, due to any claim of privilege, please provide all information required by Fed. R. Civ. P. 45(e)(2)(A).

3. Each document requested is to be produced in its entirety, including all non-identical copies and drafts, without abbreviation, expurgation, or redaction, and produced in an electronic format consistent with the SEC Data Delivery Standards appended hereto.

4. Each request shall be answered fully unless it is subject to a good faith objection, in which event the reason for the objection shall be stated in detail. If an objection pertains to only a portion of a request, or a word, or phrase, or clause contained within a request, please state the objection to that portion only, and respond to the remainder of the request.

5. If any document sought by these document requests once was, but no longer is, within Your possession, custody or control, please identify each such document and its

present or last known custodian, and state: (a) the reason why the document is not being produced; and (b) the date of the loss, destruction, discarding, theft or other disposal of the document.

C.     **Documents to Produce**

1.     All documents concerning an investment or trading by You, anyone acting on Your behalf, Michael Brauser, any entity affiliated with Michael Brauser, Ben Brauser or Josh Brauser, in the following securities during the Relevant Period:

BZNE, BioZone Pharmaceuticals Inc. ("BioZone")
MGT/MGTI, MGT Capital Investments Inc. ("MGT")
MBVX, MabVax Therapeutics Holdings, Inc. f/k/a Telik Inc. ("MabVax")
OPK, OPKO Health, Inc.
COOL, Polarity TE, f/k/a Majesco Entertainment Co. f/k/a/ Majesco Holdings Inc.
MSLP, MusclePharm Corporation
CDXC, ChromaDex Corporation, f/k/a Cody Resources Inc.
RIOT, Riot Blockchain, Inc., f/k/a Bioptix, Inc. f/k/a APPY, Venaxis, Inc.
COCP, Cocrystal Pharma, Inc. f/k/a BioZone Pharmaceuticals Inc.
USAS, American Silver corporation f/k/a PGLC, Pershing Gold Corp.
IZEA, IZEA Worldwide, Inc.
NK, NantKwest f/k/a Conkwest, Inc.
MARA, Marathon Patent Group, Inc., f/k/a American Strategic Minerals Corp.
PPRTF, Passport Potash Inc.
ELOX, Eloxx Pharmaceuticals, Inc. f/k/a Sevion Therapeutics, f/k/a Senesco Inc.
FLNT, Fluent, Inc. f/k/a COGT, Cogint, Inc. f/k/a IDI, IDI, Inc. f/k/a Tiger Media Inc.
ARNI, Arno Therapeutics, Inc.
PHIO, Phio Pharmaceuticals, Inc. f/k/a RXi Pharmaceuticals Corp.
SRNE, Sorrento Therapeutics, Inc.
ADYX, Adynxx, Inc. f/k/a ALQA, Alliqua BioMedical Inc.
BFGC, Bullfrog Gold Corp.
BTCS, BTCS Inc.
DROP, Fuse Science Inc.
JALA, Be Active Holdings Inc.
SPEX, Spherix Inc.
HCMC, Healthier Choices Management Corp. f/k/a VPCO Vaporin Corporation
VRNG, Vringo Inc.
MDVX, Medovex Corp., f/k/a SpineZ
DSS, Document Security Systems, Inc.
FNJN, Finjan Holdings Inc.
HOTR, Chanticleer Holdings, Inc.
SNIP, Snip Inc.

2

RDVT, Red Violet, Inc.

2. All documents concerning communications with any of the following individuals concerning BioZone, MGT or MabVax during or concerning the Relevant Period, including emails, texts, chats, telephone records, audio recordings, contracts and/or agreements:

Barry Honig
Jonathan Honig
Alan Honig
Mark Groussman
John O'Rourke
John Stetson
Greg Brauser
Josh Brauser
Ben Brauser
Michael Brauser
Elliot Maza
Brian Keller
Phillip Frost
Steven Rubin
Jane Hsiao
John Ford
Charles Langston
Kimberly Langston
Greg Jaclin
Peter Benz
Jeff Machnij
Mitchell Muhleman
Philip Wagenheim
Keith Feldman
Nora Marckwordt
Daniel Fisher
Jessica de la Reza
John Sandor Lemak
Yisroel Ari Kluger
Arie Barinowtiz
Derek Albanese
Pedro Morfin
Brad Pyatt
Timothy Neely
Christian Oertle
Michael Hartstein

3

Lee Pederson
Roberto Prego-Novo
Nian Wu
Joseph Reda
Robert Ladd
Robert Traversa
Scott Wilfong
Bob Prag
David Hanson
Gregory Hansen
Jeremy Glaser
Kate Inman
Chris Herr
Luke Pullman
Rick Allison
George Antonopolous
Yoav Roth
Richard Abbe
Joshua Silverman
Michael Rappaport
Harvey Kesner
Tara Guerneri-Ferrara
Jay Kaplowitz
Arthur Marcus
Avital Even Shoshan
Andrew Uribe
Konrad Ackerman
Mohit Bhansali

3. All documents concerning communications during the Relevant Period with Drew Ciccarelli, David Zazoff or any representative of TSX Ventures, LLC, RedChip Investor Relations, Mission IR, Third Coast Media, SmallCapIR, Seeking Alpha or Stockbeast, concerning any entity in which You, Ben Brauser, Josh Brauser or Michael Brauser (or any affiliated entity) had an investment, including emails, texts, chats, telephone records, audio recordings, contracts and/or agreements.

4. All documents concerning communications between YOU and Barry Honig, John Stetson, John O'Rourke, Mark Groussman, Phillip Frost (or anyone acting on his or his affiliated entities' behalf) or Michael Brauser, concerning the exercise of voting rights held by YOU or

4

Michael Brauser (in his own capacity or on behalf of any entity) in the securities of the issuers listed in Request No. 1.

      5.      All documents concerning the preparation or filing during the Relevant Period of any Schedules 13D or 13G by any person or entity concerning any of the issuers listed in Request No. 1.



# U.S. Securities and Exchange Commission

# **Data Delivery Standards**

This document describes the technical requirements for paper and electronic document productions to the U.S. Securities and Exchange Commission (SEC).   ***Any questions or proposed file formats other than those described below must be discussed with the legal and technical staff of the SEC Division of Enforcement prior to submission.***

General Instructions ........................................................................................................................... 1

Delivery Formats ................................................................................................................................ 2

    I.   Imaged Productions ................................................................................................................. 2

        1.   Images .................................................................................................................................. 2

        2.   Image Cross-Reference File ............................................................................................... 3

        3.   Data File ............................................................................................................................... 3

        4.   Text ....................................................................................................................................... 3

        5.   Linked Native Files ............................................................................................................ 3

    II.   Native File Productions without Load Files ........................................................................ 3

    III.   Adobe PDF File Productions ................................................................................................ 3

    IV.   Audio Files .............................................................................................................................. 4

    V.   Video Files ............................................................................................................................... 4

    VI.   Electronic Trade and Bank Records ..................................................................................... 4

    VII.   Electronic Phone Records .................................................................................................... 4

    VIII.   Audit Workpapers ................................................................................................................ 4

**General Instructions**

Electronic files must be produced in their native format, i.e. the format in which they are ordinarily used and maintained during the normal course of business.  For example, an MS Excel file must be produced as an MS Excel file rather than an image of a spreadsheet*. (Note:  An Adobe PDF file is **not** considered a native file unless the document was initially created as a PDF.)*

In the event produced files require the use of proprietary software not commonly found in the workplace, the SEC will explore other format options with the producing party.

The proposed use of file de-duplication methodologies or *computer-assisted review* or *technology-assisted review* (TAR) during the processing of documents must be discussed with and approved by the legal and technical staff of the Division of Enforcement (ENF).  If your production will be de-duplicated it is vital that you 1) preserve any unique metadata associated with the duplicate files, for example, custodian name, and, 2) make that unique metadata part of your production to the SEC.

General requirements for **ALL** document productions are:

1. A cover letter should be included with each production and should include the following information:
    a. Case number, case name and requesting SEC staff member name
    b. A list of each piece of media included in the production with its unique production volume number
    c. A list of custodians, identifying the Bates range for each custodian
    d. The time zone in which the emails were standardized during conversion
2. Data can be produced on CD, DVD, thumb drive, etc., using the media requiring the least number of deliverables and labeled with the following:
    a. Case number
    b. Production date
    c. Producing party
    d. Bates range
3. All submissions must be organized by **custodian** unless otherwise instructed.
4. All document family groups, i.e. email attachments, embedded files, etc., should be produced together and children files should follow parent files sequentially in the Bates numbering.
5. All load-ready collections should include only one data load file and one image pointer file.
6. All load-ready text must be produced as separate text files.
7. All load-ready collections should account for custodians in the custodian field.
8. Audio files should be separated from data files if both are included in the production.
9. Only alphanumeric characters and the underscore character are permitted in file names and folder names. Special characters are not permitted.
10. All electronic productions submitted on media must be produced using industry standard self-extracting encryption software.
11. Electronic productions may be submitted via Secure File Transfer. The SEC **cannot** accept productions made using file sharing sites.
12. Productions containing BSA or SAR material must be delivered on encrypted physical media. The SEC **cannot** accept electronic transmission of BSA or SAR material. Any BSA or SAR material produced should be segregated and appropriately marked as BSA or SAR material, or should be produced separately from other case related material.
13. Passwords for electronic documents, files, compressed archives and encrypted media must be provided separately either via email or in a cover letter apart from the media.
14. All electronic productions should be produced free of computer viruses.
15. Additional technical descriptions can be found in the addendum to this document.

*Please note that productions sent to the SEC via United States Postal Service are subject to Mail Irradiation, and as a result electronic productions may be damaged.*

**Delivery Formats**

**I. Imaged Productions**
The SEC prefers that all scanned paper and electronic file collections be produced in a structured format including industry standard load files, Bates numbered image files, native files and searchable text files.

1. Images
    a. Black and white images must be 300 DPI Group IV single-page TIFF files
    b. Color images must be produced in JPEG format
    c. File names cannot contain embedded spaces or special characters (including the comma)
    d. Folder names cannot contain embedded spaces or special characters (including the comma)
    e. All image files must have a unique file name, i.e. Bates number
    f. Images must be endorsed with sequential Bates numbers in the lower right corner of each image
    g. The number of image files per folder should not exceed 500 files
    h. Excel spreadsheets should have a placeholder image named by the Bates number of the file
    i. AUTOCAD/photograph files should be produced as a single page JPEG file

2. **Image Cross-Reference File**
   The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format:
   *ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCount*

3. **Data File**
   The data file (.DAT) contains all of the fielded information that will be loaded into the database.

   a. The first line of the .DAT file must be a header row identifying the field names
   b. The .DAT file must use the following *Concordance®* default delimiters:
      Comma ¶ ASCII character (020)
      Quote þ ASCII character (254)
   c. Date fields should be provided in the format: mm/dd/yyyy
   d. Date and time fields must be two separate fields
   e. If the production includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments
   f. An OCRPATH field must be included to provide the file path and name of the extracted text file on the produced storage media.  The text file must be named after the FIRSTBATES.  Do not include the text in the .DAT file.
   g. For productions with native files, a LINK field must be included to provide the file path and name of the native file on the produced storage media. The native file must be named after the FIRSTBATES.
   h. BEGATTACH and ENDATTACH fields must be two separate fields
   i. A complete list of metadata fields is available in **Addendum A** to this document

4. **Text**
   Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file.  We require document level ANSI text files, named per the FIRSTBATES/Image Key. Please note in the cover letter if any non-ANSI text files are included in the production. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). For redacted documents, provide the full text for the redacted version.

5. **Linked Native Files**
   Copies of original email and native file documents/attachments must be included for all electronic productions.
   a. Native file documents must be named per the FIRSTBATES number
   b. The full path of the native file must be provided in the .DAT file for the LINK field
   c. The number of native files per folder should not exceed 1,000 files

II. **Native File Production without Load Files**
With prior approval, native files may be produced without load files. The native files must be produced as they are maintained in the normal course of business and organized by custodian-named file folders. When approved, Outlook (.PST) and Lotus Notes (.NSF) email files may be produced in native file format.  A separate folder should be provided for each custodian.

III. **Adobe PDF File Production**
With prior approval, Adobe PDF files may be produced in native file format.
   1. PDF files should be produced in separate folders named by the custodian. The folders should not contain any special characters (including commas).
   2. All PDFs must be unitized at the document level, i.e., each PDF must represent a discrete document.
   3. All PDF files must contain embedded text that includes all discernible words within the document, not selected text or image only. This requires all layers of the PDF to be flattened first.
   4. If PDF files are Bates endorsed, the PDF files must be named by the Bates range.

### IV. Audio Files

Audio files from telephone recording systems must be produced in a format that is playable using Microsoft Windows Media Player™. Additionally, the call information (metadata) related to each audio recording MUST be provided. The metadata file must be produced in a delimited text format. Field names must be included in the first row of the text file.
The metadata must include, at a minimum, the following fields:

1) Caller Name: Caller's name or account/identification number
2) Originating Number: Caller's phone number
3) Called Party Name: Called party's name
4) Terminating Number: Called party's phone number
5) Date: Date of call
6) Time: Time of call
7) Filename: Filename of audio file

### V. Video Files

Video files must be produced in a format that is playable using Microsoft Windows Media Player™.

### VI. Electronic Trade and Bank Records

When producing electronic trade and bank records, provide the files in one of the following formats:

1. MS Excel spreadsheet with header information detailing the field structure. If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

2. Delimited text file with header information detailing the field structure. The preferred delimiter is a vertical bar "|". If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details.

### VII. Electronic Phone Records

When producing electronic phone records, provide the files in the following format:

1. MS Excel spreadsheet with header information detailing the field structure. If any special codes exist in the dataset, a separate document must be provided that details all such codes. If details of the field structure do not fit in the header, a separate document must be provided that includes such details. Data must be formatted in its native format (i.e. dates in a date format, numbers in an appropriate numerical format, and numbers with leading zeroes as text).
   a. The metadata that must be included is outlined in **Addendum B** of this document. Each field of data must be loaded into a separate column. For example, Date and Start_Time must be produced in separate columns and not combined into a single column containing both pieces of information. Any fields of data that are provided in addition to those listed in **Addendum B** must also be loaded into separate columns.

### VIII. Audit Workpapers

The SEC prefers for workpapers to be produced in two formats: (1) With Bates numbers in accordance with the SEC Data Delivery Standards; and (2) in native format or if proprietary software was used, on a standalone laptop with the appropriate software loaded so that the workpapers may be reviewed as they would have been maintained in the ordinary course of business. When possible, the laptop should be configured to enable a Virtual Machine (VM) environment.

# ADDENDUM A

The metadata of electronic document collections should be extracted and provided in a .DAT file using the field definition and formatting described below:

| Field Name | Sample Data | Description |
|---|---|---|
| FIRSTBATES | EDC0000001 | First Bates number of native file document/email |
| LASTBATES | EDC0000001 | Last Bates number of native file document/email<br>**The LASTBATES field should be populated for single page documents/emails. |
| ATTACHRANGE | EDC0000001 - EDC0000015 | Bates number of the first page of the parent document to the Bates number of the last page of the last attachment "child" document |
| BEGATTACH | EDC0000001 | First Bates number of attachment range |
| ENDATTACH | EDC0000015 | Last Bates number of attachment range |
| PARENT_BATES | EDC0000001 | First Bates number of parent document/Email<br>**This PARENT_BATES field should be populated in each record representing an attachment "child" document |
| CHILD_BATES | EDC0000002; EDC0000014 | First Bates number of "child" attachment(s); can be more than one Bates number listed depending on the number of attachments<br>**The CHILD_BATES field should be populated in each record representing a "parent" document |
| CUSTODIAN | Smith, John | Email: Mailbox where the email resided<br>Native: Name of the individual or department from whose files the document originated |
| FROM | John Smith | Email: Sender<br>Native: Author(s) of document<br>**semi-colon should be used to separate multiple entries |
| TO | Coffman, Janice; LeeW [mailto:LeeW@MSN.com] | Recipient(s)<br>**semi-colon should be used to separate multiple entries |
| CC | Frank Thompson [mailto: frank_Thompson@cdt.com] | Carbon copy recipient(s)<br>**semi-colon should be used to separate multiple entries |
| BCC | John Cain | Blind carbon copy recipient(s)<br>**semi-colon should be used to separate multiple entries |
| SUBJECT | Board Meeting Minutes | Email: Subject line of the email<br>Native: Title of document (if available) |
| FILE_NAME | BoardMeetingMinutes.docx | Native: Name of the original native file, including extension |
| DATE_SENT | 10/12/2010 | Email: Date the email was sent<br>Native: (empty) |
| TIME_SENT/TIME_ZONE | 07:05 PM GMT | Email: Time the email was sent/ Time zone in which the emails were standardized during conversion.<br>Native: (empty)<br>**This data must be a separate field and cannot be combined with the DATE_SENT field |
| TIME_ZONE | GMT | The time zone in which the emails were standardized during conversion.<br>Email: Time zone<br>Native: (empty) |

5

| | | |
|---|---|---|
| LINK | D:\001\ EDC0000001 msg | Hyperlink to the email or native file document<br>**The linked file must be named per the FIRSTBATES number |
| MIME_TYPE | MSG | The content type of an Email or native file document as identified/extracted from the header |
| FILE_EXTEN | MSG | The file type extension representing the Email or native file document; will vary depending on the email format |
| AUTHOR | John Smith | Email: (empty)<br>Native: Author of the document |
| DATE_CREATED | 10/10/2010 | Email: (empty)<br>Native: Date the document was created |
| TIME_CREATED | 10:25 AM | Email: (empty)<br>Native: Time the document was created<br>**This data must be a separate field and cannot be combined with the DATE_CREATED field |
| DATE_MOD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last modified |
| TIME_MOD | 07:00 PM | Email: (empty)<br>Native: Time the document was last modified<br>**This data must be a separate field and cannot be combined with the DATE_MOD field |
| DATE_ACCESSD | 10/12/2010 | Email: (empty)<br>Native: Date the document was last accessed |
| TIME_ACCESSD | 07:00 PM | Email: (empty)<br>Native: Time the document was last accessed<br>**This data must be a separate field and cannot be combined with the DATE_ACCESSD field |
| PRINTED_DATE | 10/12/2010 | Email: (empty)<br>Native: Date the document was last printed |
| FILE_SIZE | 5,952 | Size of native file document/email in KB |
| PGCOUNT | 1 | Number of pages in native file document/email |
| PATH | J:\Shared\SmithJ\October Agenda.doc | Email: (empty)<br>Native: Path where native file document was stored including original file name. |
| INTFILEPATH | Personal Folders\Deleted Items\Board Meeting Minutes.msg | Email: original location of email including original file name.<br>Native: (empty) |
| INTMSGID | <000805c2c71b$75977050$cb8306d1@MSN> | Email: Unique Message ID<br>Native: (empty) |
| MD5HASH | d131dd02c5e6eec4693d9a0698aff95c 2fcab58712467eab4004583eb8fb7f89 | MD5 Hash value of the document. |
| OCRPATH | TEXT/001/EDC0000001.txt | Path to extracted text of the native file |

Sample Image Cross-Reference File:

```
IMG0000001,,E:\001\IMG0000001.TIF,Y,,,
IMG0000002,,E:\001\IMG0000002.TIF,,,,
IMG0000003,,E:\001\IMG0000003.TIF,,,,
IMG0000004,,E:\001\IMG0000004.TIF,Y,,,
IMG0000005,,E:\001\IMG0000005.TIF,Y,,,
IMG0000006,,E:\001\IMG0000006.TIF,,,,
```

# **ADDENDUM B**

For Electronic Phone Records, include the following fields in separate columns:

For Calls:

1) Account Number
2) Connection Date – Date the call was received or made
3) Connection Time – Time call was received or made
4) Seizure Time – Time it took for the call to be placed in seconds
5) Originating Number – Phone that placed the call
6) Terminating Number – Phone that received the call
7) Elapsed Time – The length of time the call lasted, preferably in seconds
8) End Time – The time the call ended
9) Number Dialed – Actual number dialed
10) IMEI Originating – Unique id to phone used to make call
11) IMEI Terminating– Unique id to phone used to receive call
12) IMSI Originating – Unique id to phone used to make call
13) IMSI Terminating- Unique id to phone used to receive call
14) Call Codes – Identify call direction or other routing information
15) Time Zone – Time Zone in which the call was received or placed, if applicable

For Text messages:

1) Account Number
2) Connection Date – Date the text was received or made
3) Connection Time – Time text was received or made
4) Originating Number – Who placed the text
5) Terminating Number – Who received the text
6) IMEI Originating – Unique id to phone used to make text
7) IMEI Terminating– Unique id to phone used to receive text
8) IMSI Originating - Unique id to phone used to make text
9) IMSI Terminating- Unique id to phone used to receive text
10) Text Code – Identify text direction, or other text routing information
11) Text Type Code – Type of text message (sent SMS, MMS, or other)
12) Time Zone – Time Zone in which the call was received or placed, if applicable

For Mobile Data Usage:

1) Account Number
2) Connection Date – Date the data was received or made
3) Connection Time – Time data was received or made
4) Originating number – Number that used data
5) IMEI Originating – Unique id of phone that used data
6) IMSI Originating - Unique id of phone that used data
7) Data or Data codes – Identify data direction, or other data routing information
8) Time Zone – Time Zone in which the call was received or placed, if applicable