# EXHIBIT H

# RICHARD AND RICHARD

ATTORNEYS AT LAW
825 BRICKELL BAY DRIVE
SEVENTEENTH FLOOR
MIAMI, FLORIDA
33131

DENNIS RICHARD
E-mail: dennis@richardandrichard.com

PHONE (305) 374-6688

September 18, 2019

**VIA ECF**

The Honorable Edgardo Ramos
United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

     RE:    *SEC v. Honig, et al.*, No. 1:18-cv-08175

Dear Judge Ramos:

We represent defendants, Michael Brauser and Grander Holdings, LLC ("Brauser"). This submission is pursuant to leave provided at the pre-motion conference on September 11, 2019. *Hrg. Transc.*, 9/11/19 at 27:18-22.

The present issue was triggered by the SEC's cryptic letter to the Court "to advise . . . that the Commission's New York Regional Office" – which is the SEC's counsel of record in this case – "continues to investigate matters that involve conduct of certain Defendants" and that "[i]f the Commission staff representing the Commission in this matter becomes aware of documents collected in that investigation that are relevant to matters alleged in the Amended Complaint, we will produce them to Defendants." *Letter from SEC Counsel,* 8/8/19 (ECF No. 157).

After the SEC files court proceedings, its use of its administrative powers to engage in *ex parte* discovery is constrained by the Federal Rules of Civil Procedure. *S.E.C v. Life Parters*

The Honorable Edgardo Ramos
September 18, 2019
Page 2

*Holdings, Inc., et al.,* 2012 WL 1280253 (W.D. Tex. August 17, 2012). The issue turns on whether the *ex parte* SEC investigation is "for the *sole* purpose of investigating violations not alleged in the" SEC's complaint. *Id.* at *2 (emph. added). The SEC told the Court:

> [T]he Commission plans to use its administrative powers to investigate matters <u>unrelated</u> to the allegations in the Amended Complaint. Because those matters are unrelated to the instant matter, they are not the subject of this litigation nor subject to the Federal Rules of Civil Procedure.

*Letter from SEC Counsel N. Brown to the Court*, 9/4/19, p. 1 (emphasis by SEC) (ECF No. 171, p. 1).

After the SEC's *in camera* submission at the September 11th hearing, the Court advised the parties that it had "directed the SEC to submit additional briefing which will also be *ex parte* and under seal to me so that I can further make a determination as to whether or not the investigation *is wholly unrelated* to the current investigation, and that submission is due by next week, the 18th" of September, 2019. *Hrg. Transc.*, 9/11/19 at 25:5-10.

The SEC filed its additional *ex parte* briefing under seal on Tuesday, September 17, 2019. Although the Defendants are in the dark as to what is in the SEC's *ex parte* brief, and therefore not in a position to test its completeness or candor, we submit a framework for the Court's determination of whether the SEC's *ex parte* discovery is wholly unrelated to the allegations in the Amended Complaint.

At its core, the Amended Complaint alleges an ongoing pattern of "'pump-and-dump' schemes" including amassing a controlling interest in the stock of public companies, concealing that control, driving up the stock price and trading volume through manipulative trading and/or paid promotional activity, and then dumping the stock into an artificially inflated market. *FAC*, p. 2 (ECF 105). The SEC has acknowledged that its Amended Complaint "alleges a common

The Honorable Edgardo Ramos
September 18, 2019
Page 3

pattern among the many schemes" although it only "focuses on three issuers . . . ." *SEC's Opp. to Brauser's MTD Amended Complaint*, ECF No. 155, p. 2. The SEC alleges that the "pattern . . . [t]ypically" involves "some kind of transaction" such as "an acquisition or merger," and/or paying "writers" or "bloggers" to publish misleading information about public companies to pump up the value of stock. *Am. Compl.*, ¶ 55 (ECF No. 105, p. 17-18). The SEC alleges this pattern has occurred with dozens of issuers. *Id.*, ¶ 57 (ECF No. 105, p. 18).

Indeed, in *every* count against Brauser the SEC alleges that "[b]y reason of the foregoing . . . Brauser . . . *will continue* to" engage in the same pattern of conduct. *Id.*, p. 71, ¶ 202; p. 78, ¶ 210; p. 90, ¶ 248; p. 92, ¶ 258; and, pp. 93-94, ¶ 265. The SEC seeks injunctive relief against this alleged continuing pattern of wrongful conduct. *Id.*, pp. 97-99.

Given these allegations in the SEC's Amended Complaint, we asked SEC counsel:

> When you represent to the Court that "the Commission plans to use its administrative powers to investigate matters <u>unrelated</u> to the allegations in the Amended Complaint," does that mean that such matters are outside of the alleged pattern?

*Letter from Brauser Counsel J. Sallah*, 9/9/19 (emph. by SEC) (Exh. A hereto).

SEC counsel replied:

> In response, we can *only* refer you to what we've said before regarding the non-public investigation, that is: it concerns conduct that is distinct from and post-dates the conduct alleged in the amended complaint.

*Email from SEC Counsel, N. Brown, to Brauser Counsel J. Sallah,* 9/11/19 (emph. added) (Exh. B hereto).

Thus, when confronted with the actual allegations of the Amended Complaint and asked the simple question of whether its planned *ex parte* investigation was unrelated to those

The Honorable Edgardo Ramos
September 18, 2019
Page 4

allegations the SEC averted the question, responding that it would "only" say that it "concerns conduct that is distinct from and post-dates the conduct alleged in the amended complaint."

The difference in what the SEC told the Court on September 4th – that it "plans to use its administrative powers to investigate matters <u>unrelated</u> to the allegations in the Amended Complaint" (emphasis by SEC) and its later reply to a direct question by a Defendant's counsel – that it would "only" say that it "concerns conduct that is distinct from and post-dates the conduct alleged in the amended complaint" – is telling. If, for example, the SEC is using its administrative subpoena powers to investigate the very pattern of conduct it claims is continuing – and asks the Court to enjoin – then it should be utilizing court-issued subpoenas pursuant to the Federal Rules of Civil Procedure.

This precise issue is the subject of the ruling in *Life Parters* that although the filing of a civil suit generally does not inhibit the SEC's "authority to investigate securities-law violations," the SEC is "unquestionably bound by the" Federal Rules of Civil Procedure when its *ex parte* investigative powers are not being used as "part of a purely administrative investigation unrelated to the" pending civil case. 2012 WL 12850253 at *2.

In *Life Parters*, just as here, the SEC "submitted materials *in camera;*" the SEC asserted that the *in camera* submission would "debunk[] Defendants' false accusation that the [administrative] subpoena was issued to obtain *ex parte* discovery." *Id.* at *2 (internal quotation marks/brackets omitted). Upon its *in camera* review, the *Life Parters* court rejected the SEC's position, finding that the *ex parte* discovery was *not* wholly unrelated to the pending civil action. The SEC moved for reconsideration, which was denied, the court further stating:

> The Court's position is supported by Plaintiff's [SEC] Enforcement
> Manual, which cautions the staff regarding the dangers of issuing

The Honorable Edgardo Ramos
September 18, 2019
Page 5

> investigative subpoenas after commencement of a related civil action because "a court might conclude that the use of investigative subpoenas to conduct discovery is a misuse of the SEC's investigative powers and circumvents the court's authority and limits on discovery in the Federal Rules of Civil Procedure.

*SEC v. Life Parters Holdings, Inc.,* 2012 WL 12918375, *1 (W.D. Tex. September 25, 2012). Copies of both *Life Parters* decisions are attached hereto as Composite Exh. C.

The SEC's exception in its initial letter to the Court – that "*[i]f* the Commission staff representing the Commission in this matter becomes aware of documents collected in [its administrative] investigation that are relevant to matters in the Amended Complaint, we will produce them to Defendants" – is not salutary. The SEC took a similar position in the *Life Parters* case, arguing that the defendants were not prejudiced because the SEC later provided them a copy of the SEC's *ex parte* deposition. 2012 WL 12850253 at * 3. The court ruled that this did not "alleviate the prejudice caused by [the SEC] taking an extra-judicial deposition from a non-party witness to obtain testimony against" the defendants, and that "[m]ost importantly," the SEC's "lack of notice to Defendants deprived them of their ability to cross-examine" the witness "and object to testimony elicited by" the SEC. *Id.*

### *Upon This Court's Determination*

Given this Court's statement that it will be making "a determination as to whether or not the investigation is wholly unrelated" to the pending civil action, what follows turns on that determination. If the Court determines that the SEC's investigation is *not* "wholly unrelated," then the SEC should conduct such discovery in accordance with the Federal Rules of Civil Procedure. That way Brauser and other parties will receive basic due process – notice of any subpoenas, depositions or other discovery.

The Honorable Edgardo Ramos
September 18, 2019
Page 6

If the Court determines that the SEC's investigations *is* "wholly unrelated" to the pending civil action, then the SEC should be restricted from using the fruits of that *ex parte* investigation in this case.

Respectfully submitted,

*/s/ Dennis A. Richard*
DENNIS A. RICHARD

cc: Counsel of Record (via ECF)

**SALLAH ASTARITA & COX**
— LLC

3010 North Military Trail, Suite 210 | Boca Raton, Florida 33431
Phone: (561) 989-9080 | Fax: (561) 989-9020 | www.sallahlaw.com

ATTORNEYS AT LAW    Florida | New York | New Jersey

September 9, 2019

**VIA EMAIL ONLY**
Nancy A. Brown, Esq.
Securities and Exchange Commission
200 Vesey Street, Ste. 400
New York, NY 10281
Email: brownn@sec.gov

Dear Ms. Brown:

In your September 4th letter to the Court you state that "the Commission plans to use its administrative powers to investigate matters <u>unrelated</u> to the allegations in the Amended Complaint." *Your Letter to Court*, 9/4/19, p. 1.

In the Amended Complaint the SEC has alleged wrongdoing that Brauser and other Co-Defendants "followed a pattern . . . [t]ypically" involving "some kind of transaction" such as "an acquisition or merger," manipulative trading and/or "paid writers, bloggers or" others to write about the transaction, and sale of stock into an "artificially inflated market." *Amended Compl.*, ¶ 55. The SEC also alleges that the Defendants "agreed to act as a group in holding, disposing and voting the stock they acquired . . . ." *Id.*, ¶ 57. The SEC also asserts that some of the Defendants' activities with "more than 40 issuers" are related to the claims in the Amended Complaint, "[f]or some of which "Brauser took an active role" and for others "Brauser was content to let Honig direct the steps in the scheme . . . ." *Id.*, ¶ 60-61. In the SEC's opposition to Brauser's motion to dismiss, the SEC similarly asserts that "Brauser co-invested with Honig in over 40 different issuers" and that "[t]hose investments followed a pattern similar to the three schemes alleged in the complaint," that "Honig or Brauser, along with other favored investors . . . jointly acquired a controlling position in a target issuer's stock," "jointly voted their shares," "dictated the issuer's management and policies," "engineered a publicity generating transaction," "secretly compensated bloggers and promoters," and were often "in frequent contact." *SEC Memo of Law In Opp. to Brauser MTD*, p. 2.

Moreover, the SEC argues that the Amended Complaint "alleges a common pattern among the many schemes Brauser perpetrated with Honig . . . ." *Id.* Given the SEC's description of its own Amended Complaint, as well as the allegations in the Amended Complaint, we must conclude that the SEC is saying that it is using its administrative powers to investigate matters that do not fall within this alleged pattern in any way, shape or form. Given the SEC's obligation of candor with the Court, please answer the following question:

When you represent to the Court that "the Commission plans to use its administrative powers to investigate matters <u>unrelated</u> to the allegations in the Amended Complaint," does that mean that such matters are outside of the alleged pattern? If your answer to this question is yes,

**EXHIBIT A**

September 9, 2019
Nancy A. Brown, Esq.
Page 2 of 2

that would mean that none of the evidence you gather could be used to establish habit or routine practice under Fed. R. Evid. 406, *modus operandi*, or course of business. Presumably, moreover, if the matters are <u>unrelated</u>, then the evidence gathered in this litigation, including the allegations of the prior deals that have been highlighted in the Amended Complaint, ought not to be utilized in the current investigation. If this is not the case, your representation to the Court was not candid.

  We look forward to your reply in advance of Wednesday morning's hearing.

        Sincerely,

        James D. Sallah, Esq.

Cc: Randall Lee, Esq.

From: "Brown, Nancy A" <BrownN@SEC.GOV>
Date: September 11, 2019 at 8:36:46 AM EDT
To: James Sallah <jds@sallahlaw.com>
Cc: "Kaufman, Jack" <KaufmanJa@SEC.GOV>, "Bromberg, Katherine" <BrombergK@SEC.GOV>, "Daniels, Jon" <danielsj@SEC.GOV>
Subject: RE: Letter to Brown

James,

Thank you for your letter. In response, we can only refer you to what we've said before regarding the non-public investigation, that is: it concerns conduct that is distinct from and post-dates the conduct alleged in the amended complaint.

---

From: James Sallah <jds@sallahlaw.com>
Sent: Monday, September 9, 2019 4:56 PM
To: Brown, Nancy A <BrownN@SEC.GOV>
Cc: DENNIS RICHARD <dennis@richardandrichard.com>; MELISSA MACKIEWICZ <Melissa@richardandrichard.com>; Joshua Katz <jak@sallahlaw.com>; randall.lee@cooley.com
Subject: FW: Letter to Brown

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Nancy:

Please see the attached.

Best Regards,

JAMES D. SALLAH, ESQ.

SALLAH ASTARITA & COX, LLC
3010 NORTH MILITARY TRAIL, SUITE 210 | BOCA RATON, FLORIDA 33431
PHONE: (561) 989-9080 | FAX: (561) 989-9020
JDS@SALLAHLAW.COM | WWW.SALLAHLAW.COM

1

**EXHIBIT B**

NEW YORK OFFICE: 100 PARK AVENUE, 16TH FLOOR, NEW YORK, NY 10017 | PH. (212) 509-6544
NEW JERSEY OFFICE: 60 POMPTON AVENUE | VERONA, NJ 07044 | PH. (973) 559-5566

CONFIDENTIALITY: The information contained in this electronic mail transmission is intended by Sallah Astarita & Cox, LLC for receipt by the named individual or entity to which it is directed. This electronic mail transmission may contain information that is legally privileged, confidential and/or exempt from disclosure under applicable law. It is not intended for transmission to or receipt by anyone other than the named addressee (or person authorized to deliver it to the named addressee). It should not be copied or forwarded to any unauthorized persons. If you have received this electronic transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply email so that my address record can be corrected. Thank you.

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

 Please consider the environment before printing this.

---

**From:** Joshua Katz
**Sent:** Monday, September 9, 2019 4:50 PM
**To:** James Sallah <jds@sallahlaw.com>; Viviana Rodrigues <vv@sallahlaw.com>
**Subject:** Letter to Brown


JOSHUA A. KATZ, ESQ.
*OF COUNSEL*



3010 N. MILITARY TRAIL, SUITE 210 | BOCA RATON, FLORIDA 33431
**PHONE:** (561) 989-9080 | **FAX:** (561) 989-9020
JAK@SALLAHLAW.COM | WWW.SALLAHLAW.COM

2

Case 1:19-mc-24587-MGC Document 8-3 Entered on FLSD Docket 11/05/2019 Page 12 of 20
Case 1:12-cv-00033-JRN Document 178-3 Filed 09/18/19 Page 12 of 20
Securities and Exchange Commission v. Life Parters..., Not Reported in...

2012 WL 12850253
Only the Westlaw citation is currently available.
United States District Court, W.D. Texas, Austin Division.

Securities and Exchange Commission, Plaintiff,
v.
Life Parters Holdings, Inc., Brian Pardo, R. Scott Peden, and David M. Martin, Defendants.

CAUSE NO. 1:12-CV-00033-JRN
|
Signed 08/17/2012

**Attorneys and Law Firms**

B. David Fraser, Matthew J. Gulde, Jessica Bogan Magee, United States Securities and Exchange Commission, Fort Worth, TX, Nancy Ellen Tyler, U.S. Securities and Exchange Commission, Washington, DC, for Plaintiff.

Charles T. Frazier, Jr., Alexander Dubose Jefferson & Townsend LLP, Jay Ethington, Law Office of Jay Ethington, Robert Allen Hawkins, S. Cass Weiland, Squire Patton Boggs (US) LLP, Dallas, TX, Dana Livingston, Alexander Dubose Jefferson & Townsend LLP, Austin, TX, J. Robert Forshey, Jeff P. Prostok, Forshey & Prostok, L.L.P., Fort Worth, TX, Will R. Daugherty, Baker & Hostetler, LLP, Houston, TX, Charles Alfred Mackenzie, C. Alfred Mackenzie, Attorney at Law, Waco, TX, for Defendants.

**ORDER**

JAMES R. NOWLIN, UNITED STATES DISTRICT JUDGE

*1 Before the Court in the above-entitled and styled cause of action is Defendants' Motion for Sanctions (Clerk's Dkt. No. 30); Plaintiff's Response in Opposition (Clerk's Dkt. No. 31); and Defendants' Reply in Support (Clerk's Dkt. No. 34). Having considered the Parties' pleadings and the applicable case law, the Court is of the opinion that the Motion should be granted in part and denied in part.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, the Securities and Exchange Commission ("SEC"), filed a Complaint against Defendants on January 3, 2012. The Complaint alleges that Life Partners Holdings, Inc. (referred to jointly with its wholly-owned subsidiary, Life Partners, Inc. as "Life Partners")—through senior officers Brian D. Pardo, R. Scott Peden, and David Martin—engaged in fraud that misled the company's shareholders about its financial strength and sustainability. *Complaint* at 1. After the Complaint was filed and before the Parties' Rule 26(f) conference, the SEC deposed a non-party witness, Peter Cangany. *Defs. Mot. for Sanctions* at p. 2. Defendants argue that this deposition violated the Federal Rules of Civil Procedure ("FRCP") because the deposition was taken without leave from the Court, prior to the Parties' Rule 26(f) conference, and without notice to Defendants. *Id.* at 4. Defendants request that the Court prohibit the SEC from

COMPOSITE EXHIBIT C

using any documents or testimony obtained by Mr. Cangany for any purpose related to this litigation. *Id.* at 10.

Plaintiff asserts that the subpoena issued to Mr. Cangnany was an administrative subpoena issued to a non-party "seeking information about potential violations not alleged in the Complaint." *Pl. Resp.* at 1. Plaintiff further argues the deposition was properly taken under its regulatory authority to investigate potential violations of federal securities laws and was not an attempt at to obtain ex-parte discovery. *Id.* at 2.

## II. DISCUSSION

Congress vested the SEC with "broad authority to conduct investigations into possible violations of the federal securities laws and to demand production of evidence relevant to such investigations." *SEC v. Jerry T. O'Brien,* Inc., 467 U.S. 735, 743 (1984). The "Commission may, in its discretion, make such investigations as it deems necessary to determine whether any person has violated, is violating, or is about to violate any provision of this chapter." 15 U.S.C. § 78u(a) (2010); *SEC v. Dresser Indus.,* 628 F.2d 1368, 1376 (D.C. Cir. 1980). Administrative agencies, however, are "unquestionably bound" by the FRCP when they are parties in civil actions. *FTC v. Turner,* 609 F.2d 743, 745 n.3 (5th Cir. 1980). Rule 26(d)(1) of the FRCP prevents parties from seeking discovery before the Rule 26(f) conference has taken place. Rule 30(a)(2)(A)(iii) requires parties to seek leave of court in order to take a deposition before the Rule 26(f) conference. Under Rule 30(b)(1), parties are required to provide notice to every other party before taking a deposition. The Court is granted authority to impose an appropriate sanction on a person who frustrates the fair examination of a deponent under Rule 30(d)(2).

**\*2** Defendants claim Plaintiff deposed Mr. Cangany to obtain ex-parte discovery for use in the present case, in violation of the FRCP. *Defs. Mot. for Sanctions* at 5. Plaintiff claims to have deposed Mr. Cangany under its broad authority to conduct investigations into securities-law violations. *Pl. Resp.* at 2. The pertinent inquiry is whether Mr. Cangany's deposition was governed by the FRCP or was taken pursuant to the SEC's investigatory authority.

### A. The Deposition of Peter Cangany was Subject to the FRCP

Plaintiff correctly notes that the filing of a civil suit does not inhibit the SEC's broad authority to investigate securities-law violations and that the SEC is not bound by the FRCP when investigating potential securities-law violations pursuant to its investigatory power. *See Pl. Resp.* at 5-6; *see also Bowles v. Bay of New York Coal & Supply Corp.,* 152 F.2d 330 (2d Cir. 1945). While administrative agencies are not bound by the Rules when conducting investigations, "administrative agencies are unquestionably bound by the [R]ules when they are parties in civil actions." *Turner,* 609 F.2d at 745 n.3. If the deposition of Mr. Cangany was not part of a purely administrative investigation unrelated to the present case against Defendants, then it was subject to the FRCP.

Plaintiff implies that Mr. Cangany was deposed to investigate potential violations he committed as the auditor of Life Partners. *See Pl. Resp.* at 2, 4, 5. Plaintiff never explicitly points to the purpose of the deposition, but merely states that "the SEC is charged with ensuring that individuals who appear or practice before the Commission fulfill their professional obligations. Whether such obligations have been fulfilled is a different inquiry from the securities-law violations alleged in the Complaint." *Id.* at 2. Plaintiff submitted materials *in camera* for the purpose of "further debunk [ing] Defendants' false accusation that the subpoena was issued 'to obtain ex parte discovery.' " *Id.* at 5. These materials support the conclusion that the deposition was taken as part of an investigation of Mr. Cangany, but nevertheless fail to "debunk" Defendants' allegations that the deposition of Cangany was intended to elicit testimony for use against them in the present case.

After reviewing Mr. Cangany's deposition, it is clear that the deposition was not taken for the sole purpose of investigating violations not alleged in the Complaint. Rather, a large portion of the questions and answers provided at the deposition specifically relate to allegations against Defendants made in the Complaint. Defendants accurately state that the deposition transcript "shows that Plaintiff sought testimony from Mr. Cangany concerning [Life Partners'] revenue recognition practices, asset impairment practices, and life expectancy practices, as well as Defendants Pardo, Peden, and Martin's knowledge of the same—all of which form the very bases of Plaintiff's Complaint in this case." *Defs. Reply in Support* at 2-3. Even if portions of the testimony relate to the propriety of Mr. Cangany's actions as auditor of Life Partners, the deposition is still ripe with testimony regarding issues in the case at bar. Plaintiff claims that any portion of Mr. Cangany's testimony relating to the allegations against Defendants inadvertently came out and was not obtained for the purpose of use against Defendants. *Pl. Resp.* at 7-8. As Defendants correctly point out, even a cursory reading of the transcript reveals this to be untrue. *See Defs. Mot. for Sanctions* at 7.

*3 Plaintiff cannot administer an extra-judicial deposition regarding an investigation, elicit testimony during that deposition regarding allegations made in the Complaint for use against Defendants, and then claim immunity from the FRCP by labeling the deposition as "investigative." The deposition was clearly intended to elicit testimony regarding allegations made against Defendants in the Complaint, and was subject to the FRCP.

### B. The Deposition of Peter Cangany Violated the FRCP

Defendants claim that Mr. Cangany's deposition was taken before the Rule 26(f) conference in violation of Rule 26(d)(1), without asking leave from the Court in violation of Rule 30(a)(2)(A)(iii), and without notice to Defendants in violation of Rule 30(b)(1).

Under Rule 26(d)(1), a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). The Rule 26(f) conference did not occur until

May 31, 2012. Plaintiff took the deposition on January 26, 2012, thereby violating Rule 30(b)(1).

When the parties have not stipulated to a deposition and a party seeks to take a deposition before the Rule 26(f) conference, that party is required to obtain leave of court. Fed. R. Civ. P. 30(a)(2)(A)(iii); *see also* Fed. R. Civ. P. 26(d). Plaintiff deposed Mr. Cangany before the Rule 26(f) conference and without the parties having stipulated to his deposition. *See Defs. Mot. for Sanctions* at 2, 6. Because Plaintiff never requested leave of court, the SEC's deposition violated Rule 30(a)(2)(A)(iii).

A party seeking to depose a witness is required to give notice to every other party under Rule 30(b)(1). The Parties do not dispute that Defendants were not given notice before the deposition was taken. Because notice was not given, Plaintiff violated Rule 30(b)(1).

Despite three clear FRCP violations, Plaintiff claims Mr. Cangany's deposition did not prejudice Defendants because Plaintiff provided the transcript to Defendants as part of Plaintiff's initial disclosures and Defendants are still free to depose Mr. Cangany. *Pl. Resp.* at 9, 10. Neither of these facts alleviate the prejudice caused by Plaintiff taking an extra-judicial deposition from a non-party witness to obtain testimony against Defendants.

Most importantly, Plaintiff's lack of notice to Defendants deprived them of their ability to cross-examine Mr. Cangany and object to testimony elicited by Plaintiff. Plaintiff's reliance on the Supreme Court's *O'Brien* decision to claim Defendants were not entitled to notice is misguided. *See SEC v. Jerry T. O'Brien,* 467 U.S. 735, (1984). The Court in *O'Brien* held that the target of an SEC investigation is not entitled to notice of investigative subpoenas issued to third parties. *Id.* The case at bar is inapposite because the subpoena was issued to Mr. Cangany after the Complaint was filed and with the intention of obtaining evidence against the named Defendants.

### C. Sanctions are an Appropriate Remedy

Because Plaintiff improperly deposed Mr. Cangany in violation of the FRCP, the Court must determine whether sanctions are an appropriate remedy. Rule 30(d)(2) provides: "The court may impose an appropriate sanction —including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." By examining Mr. Cangany without the presence of opposing counsel, and with the intent to obtain evidence in the present case against Defendants, Plaintiff clearly frustrated the fair examination of Mr. Cangany. Therefore, sanctions are an appropriate remedy.

*4 Defendants seek five specific forms of relief: (1) an order prohibiting plaintiff from using any documents or testimony obtained from Mr. Cangany for any purpose related to this litigation; (2) an order requiring Plaintiff to disclose any other subpoenas, testimony, or other discovery Plaintiff has undertaken since January 3, 2012; (3) a written representation from Plaintiff, under oath, that Plaintiff has not conducted any further extra-judicial discovery;

(4) an order prohibiting Plaintiff from using any additional subpoenas or obtaining evidence against Defendants without complying with the FRCP; and (5) attorney's fees in the amount of $5,000.00 for having to prepare the Motion for Sanctions.

The Court has broad discretion in fashioning remedies for violations of the FRCP, including imposition of "any appropriate sanction." Fed. R. Civ. P. 30(d)(2). Because it appears the deposition was conducted to obtain evidence against Defendants in violation of the FRCP, Plaintiff is prohibited from using the deposition testimony in this case.[1] Allowing use of the deposition would frustrate the FRCP's goal of protecting defendants and deponents.[2] See Fed. R. Civ. P. 30(d) advisory committee's note.

Plaintiff's attempt to circumvent the FRCP caused undue burden and expense on Defendants in the filing of this Motion. Because Plaintiff's improper actions necessitated the Motion for Sanctions, Defendants' request for $5,000.00 in attorney's fee is granted.

Defendants' further requests for relief are unnecessary to remedy Plaintiff's violations and are denied. If Defendants discover new information that leads them to believe Plaintiff has violated the FRCP, the Court will address that issue when properly brought to its attention.

### III. CONCLUSION

Given the totality of the circumstances and the nature of the deposition, the Court is of the opinion that the deposition of Mr. Cangany was taken to elicit testimony regarding allegations made in the Complaint in violation of the FRCP.

IT IS THEREFORE ORDERED that Defendants' Motion for Sanctions (Clerk's Dkt. No. 30) is hereby **GRANTED IN PART and DENIED IN PART.**

IT IS FURTHER ORDERED that Defendants' request for an order prohibiting Mr. Cangany's deposition testimony for any purpose in this litigation is hereby **GRANTED.**

IT IS FURTHER ORDERED that Defendants' request for $5,000.00 in attorney's fees is hereby **GRANTED.**

IT IS FINALLY ORDERED that Defendants' further requests for relief are hereby **DENIED.**

SIGNED this 17th day of August, 2012.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 12850253

### Footnotes

1. This prohibition does not prevent Plaintiff from using the deposition testimony in other cases against these Defendants or any other parties. The prohibition only applies to the present action against Defendants.
2. Both parties are free to depose Mr. Cangany subsequent to this Order in accordance with the FRCP.

End of Document                              © 2019 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:19-mc-24587-MGC Document 8 Entered on FLSD Docket 11/05/2019 Page 18 of 20
Securities and Exchange Commission v. Life Parters..., Not Reported in Fed....
2012 WL 12918375

2012 WL 12918375
Only the Westlaw citation
is currently available.
United States District Court,
W.D. Texas, Austin Division.

SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,
v.
LIFE PARTERS HOLDINGS, INC.,
Brian Pardo, R. Scott Peden, and
David M. Martin, Defendants.

CAUSE NO. 1:12-CV-00033-JRN
|
Signed September 25, 2012
|
Filed 09/27/2012

**Attorneys and Law Firms**

B. David Fraser, Matthew J. Gulde, Jessica Bogan Magee, United States Securities and Exchange Commission, Fort Worth, TX, Nancy Ellen Tyler, U.S. Securities and Exchange Commission, Washington, DC, for Plaintiff.

Charles T. Frazier, Jr., Alexander Dubose Jefferson & Townsend LLP, Jay Ethington, Law Office of Jay Ethington, Robert Allen Hawkins, S. Cass Weiland, Squire Patton Boggs (US) LLP, Dallas, TX, Dana Livingston, Alexander Dubose Jefferson & Townsend LLP, Austin, TX, J. Robert Forshey, Jeff P. Prostok, Forshey & Prostok, L.L.P., Fort Worth, TX, Will R. Daugherty, Baker & Hostetler, LLP, Houston, TX, Charles Alfred MacKenzie, C. Alfred MacKenzie, Attorney at Law, Waco, TX, for Defendants.

**ORDER**

JAMES R. NOWLIN, UNITED STATES DISTRICT JUDGE

*1 Before the Court in the above-entitled and styled cause of action is Plaintiff Securities and Exchange Commission's Motion for Reconsideration of Order Granting Sanctions, Request for Oral Hearing, and Brief in Support (Clerk's Dkt. No. 49); Defendants Life Partners Holdings, Inc., Brian Pardo, R. Scott Peden, and David M. Martin's Response in Opposition (Clerk's Dkt. No. 51); and Plaintiff's Reply (Clerk's Dkt. No. 54). After a review of the applicable law and the pleadings, the Court is of the opinion that Plaintiff's Motion should be denied.

Plaintiff alleges that the Court introduced a new rule of law in its August 17, 2012 Order imposing sanctions, and urges the Court to reconsider and vacate the Order. *Pl. Mot. For Reconsideration of Order* at 10. Because the Federal Rules of Civil Procedure do not specifically address motions for reconsideration, courts apply the standards under Rule 59(e) when addressing motions for reconsideration of interlocutory orders. *Skyeward Bound Ranch v. City of San Antonio*, No. SA-10-CV-0316 XR, 2011 U.S. Dist. LEXIS 71005, at *2 (W.D. Tex. June 30, 2011). "To prevail on a Rule 59 motion, the movant must show at least one of the following: (1) an intervening change in the law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice." *Id.* (citing

*In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). The Fifth Circuit cautions that reconsideration under Rule 59(e) is an "extraordinary remedy that courts should use sparingly." *Ortega v. Young Again Prod., Inc.*, Civ. Action No. H-12-0001, 2012 U.S. Dist. LEXIS 104366, at *5 (S.D. Tex. July 25, 2012) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

Defendants correctly note that Plaintiff's arguments are the same as those it made in opposing Defendants' Motion for Sanctions, which were previously rejected by the Court. Plaintiff does not cite any intervening change in the law or controlling precedent that would render the Court's Order a "manifest error of the law." Plaintiff misconstrues a single sentence in the Order as representing the actual holding of the Court. Nothing in the Court's Order indicated that "upon the filing of a civil suit, the Commission may not use its investigatory powers to investigate any related violations." Rather, the Court held that while the filing of a civil suit does not inhibit the SEC's broad authority to investigate securities-law violations and that the SEC is not bound by the FRCP when investigating potential securities-law violations pursuant to its investigatory power, the agency is clearly bound by the Rules when it is deposing a third party in order to elicit testimony regarding allegations made in the Complaint for use against Defendants. The FRCP and basic fairness dictate that Defendants should have had notice of the deposition.

The Court's position is supported by Plaintiff's Enforcement Manual, which cautions the staff regarding the dangers of issuing investigative subpoenas after commencement of a related civil action because "[a] court might conclude that the use of investigative subpoenas to conduct discovery is a misuse of the SEC's investigative powers and circumvents the court's authority and limits on discovery in the Federal Rules of Civil Procedure."

*2 Plaintiff also fails to establish that the Court's award of sanctions constitutes a manifest error requiring reconsideration of the Court's Order. As the Court previously noted, the extra-judicial deposition conducted by Plaintiff violated three separate provisions of the FRCP. Plaintiff's assertion that it acted in good faith is undermined by its assumed knowledge of the policies contained in the SEC Enforcement Manual, which caution Plaintiff from misusing its investigatory subpoena authority to conduct the kind of improper deposition at issue in this case.

Although Plaintiff possesses broad investigatory powers, such powers do not abdicate its responsibility to abide by the FRCP when conducting extra-judicial depositions designed to elicit testimony regarding allegations made in the Complaint for use against Defendants. The deposition of Mr. Cangany indicates that the primary, if not the sole, purpose of eliciting the testimony was to conduct discovery with respect to the claims alleged in the Complaint against Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration of the Order (Clerk's Dkt. No. 49) is hereby **DENIED.**

Case 1:19-mc-24587-MGC Document 1-8 Entered on FLSD Docket 11/05/2019 Page 20 of 20
Securities and Exchange Commission v. Life Partners..., Not Reported in Fed....

2012 WL 12918375

**All Citations**

Not Reported in Fed. Supp., 2012 WL 12918375

---

End of Document     © 2019 Thomson Reuters. No claim to original U.S. Government Works.