# EXHIBIT D

| | |
|---|---|
| **From:** | Adam Schwartz |
| **To:** | Brown, Nancy A |
| **Cc:** | Daisy Thomas; Kaufman, Jack; Bromberg, Katherine; Daniels, Jon |
| **Subject:** | Re: Brauser Subpoenas |
| **Date:** | Thursday, October 17, 2019 4:46:20 PM |

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Nancy,

Does the Monday time slot I suggested work? Also, just to be clear, the below are my clients formal objections to the subpoena pursuant to Rule 45.  I hope we can work through these issues.

Sent from my iPhone

> On Oct 17, 2019, at 10:56 AM, Brown, Nancy A <BrownN@sec.gov> wrote:
>
> Adam,
>
> Happy to discuss our requests.  What's your availability?
>
> ---
>
> **From:** Adam Schwartz <ASchwartz@homerbonner.com>
> **Sent:** Wednesday, October 16, 2019 10:00 PM
> **To:** Brown, Nancy A <BrownN@SEC.GOV>
> **Cc:** Daisy Thomas <dthomas@homerbonner.com>
> **Subject:** Brauser Subpoenas
>
> > **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Good evening Nancy,
>
> Thank you for providing us copies of the Rule 45 subpoenas issued to Ben, Josh, and Daniel Brauser.  As we discussed, we are still in the process of evaluating the records in our clients' possession, I wanted to raise certain issues that we have with the subpoenas (which are identical in form) based on what we know at this time and propose certain limitations.
>
> First, we anticipate objecting to the subpoenas in their current form because they are unduly burdensome to non-parties Ben, Josh and Daniel Brauser for the following reasons:
>
> A. The defined "Relevant Period" of November 1, 2010 to March 1, 2018 requires my clients to retrieve and review approximately 8 years of emails and other

records.  That is, on its face, unduly burdensome to non-parties.  Moreover, the proposed "Relevant Period" extends well beyond the trading at issue and claims alleged in the First Amended Complaint ("FAC").  Indeed, the earliest specified date of a purported sale of securities is September 23, 2013 and the last purported sale of securities is May 10, 2016.  Consequently, we believe there is no basis to request a review and production outside the period from September 1, 2013 through May 10, 2016.

B.  Document Requests Numbers 1, 4, and 5 make reference to a list of 33 different companies.  It appears, however, that the claims in the SEC's FAC, relate to trading   in only three of the companies listed in Request Number 1—BioZone Pharmaceuticals Inc. ("BioZone"); MGT Capital Investments Inc. ("MGT"); and MabVax Therapeutics Holdings, Inc ("MabVax").  We fail to see how documents held by a non-party that do not pertain to the three purported "pump and dump" schemes alleged in the FAC are relevant, and how requesting non-parties to the case to conduct a search, review, and production are proportional to the needs of the case.  To search and review documents for all 33 companies would be extremely costly and time consuming for my clients.  Given the subpoenas request documents related to a wide swath of entities not referenced in the FAC, it appears that these subpoenas constitute the type of extremely broad and vague requests that are akin to an SEC investigatory subpoena, which, as you know, the District Court has prohibited the SEC to issue in this case.  Consequently, we will likely object to the subpoena Requests Numbers 1, 4, and 5 to the extent they seek information related to entities not specifically accused of being involved in "pump and dump" schemes in the FAC relating to BioZone, MGT, and MabVax.

C.  Document Request Number 2 is unduly burdensome as it asks for "all documents concerning communications with" a list of more than sixty (60) individuals with respect to the three companies referenced in the FAC-- BioZone , MGT, and MabVax.  It is simply unreasonable to ask non-parties for communications it may have had with more than 60 people when the initial compliant makes reference to only 10 of the people on the list.  We fail to see how such communications beyond those with the named defendants in the initial complaint are relevant to the case and how the request is proportional to the needs of the SEC.   Consequently, we intend to limit our production for Request Number 2 to those non-privileged communications among my clients and Barry Honing, John Stetson, Michael Brauser, John R. O'Rourke III, Mark Groussman, Phillip Frost, Robert Ladd, Elliot Maza, Brian Keller, and John Ford regarding three entities BioZone, MGT, and MabVax.

D.  Document Request Number 3 is unduly burdensome because it requests all communications that my clients had with entities and individuals that with the exception of *Seeking Alpha* are not referenced in the FAC.  Likewise, the request is not limited to any relevant subject matter—i.e., the three entities referenced

in the FAC.  Consequently, intend to produce only correspondence between my clients and *Seeking Alpha* referencing the three entities named in the FAC, BioZone, MGT, and MabVax.

Second, with particular respect to Ben Brauser, we anticipate that a great majority of the documents requested in Ben's subpoena will necessarily be protected by the attorney-client privilege and the attorney work-product doctrine.  As I previously mentioned in our earlier telephone call, Ben Brauser has and continues to serve as Michael Brauser's counsel.  As a result, most, if not all, of the documents requested in the subpoena that relate to Michael Brauser and any entity Michael was or is affiliated with will be subject to the aforementioned privileges and doctrines.  Reviewing such records for privilege and then preparing a privilege log as requested would be extremely costly and unduly burdensome as well.  We respectfully request that you amend his subpoena to remove, at a minimum, Ben's communications with Michael Brauser to alleviate this issue.

As I stated above, as we were just retained, I have yet to have a full understanding of the breadth of documents and the facts regarding our clients and the case.  If my understanding of any of the issues is incorrect, please let me know.  For the same reason, we also reserve the right to raise additional issues and objections once we have had an opportunity to review the facts and documents.   I welcome the opportunity to discuss the above Rule 45(d)(2)(B) objections and to work with you to resolve them in a fair and efficient manner.


Regards,
Adam L. Schwartz

1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
P: 305 350-5116
aschwartz@homerbonner.com

This email (including any attachments) is confidential, intended only for the named recipient, and may contain information that is privileged, attorney work product, or protected by applicable law.  If you are not the intended recipient, you may not disseminate, distribute, or retain the email.  Instead, please notify the sender and delete the email.  Thank you.